# Sanders v. McGhee & Fink, Receivers, etc.

*Action against Receivers of a Railroad Corporation by an Employè to recover Damages for Personal Injuries.*

1. *Master and servant; coupling cars; contributory negligence.*—Where an experienced brakeman, who, after giving a signal to the fireman of the engine to slow up, and without waiting to see if the signal was heeded, went between two cars standing several feet apart to couple them, when the moving car propelled by the said engine should bring them together, and there was no necessity for making such coupling, all of which was in direct violation of the rules of the company, with which he was familiar, such brakeman is, as matter of law, guilty of contributory negligence, which precludes his recovery of damages for injuries sustained by him while attempting to make such coupling.

APPEAL from the Circuit Court of Jackson.

Tried before the Hon. JAMES A. BILBRO.

This action was brought by the appellant, George Sanders, against the appellees, McGhee & Fink, as receivers of the Memphis & Charleston Railroad Company, to recover damages for personal injuries alleged to have been caused by the negligence of the defendant's employés. The facts of the case are sufficiently stated in the opinion.

Upon the hearing of all the evidence, the court at the request of the defendant gave to the jury the following written charge : ''If the jury believe the evidence, they must find a verdict in favor of the defendant. The plaintiff duly excepted to the giving of this charge.

There were verdict and judgment for the defendants. The plaintiff appeals, and assigns as error the giving of the general affirmative charge requested by the defendants.

TALLY & PROCTOR, for appellant.

HUMES, SHEFFEY & SPEAKE, *contra.*—The plaintiff was himself guilty of contributory negligence, which justified the general charge for defendants, because when he was injured he was doing an entirely unnecessary thing, as shown by the uncontradicted proof.—*Davis v. Western Railway of Ala.*, 107 Ala. 626 ; *George v. M. & O. R. R. Co.*, 109 Ala. 245 ; *Burgin v. L. & N. R. R. Co.*, 97 Ala. 274.

Plaintiff was guilty of contributory negligence in violating rule number 139, offered in evidence by defendant. Plaintiff had knowledge of this rule, as shown by his receipt and also by the fact that he had been working as a brakeman on the road for three years prior to the injury. This rule was reasonable, and has been expressly so held by this court in the case of *M. & C. R. R. Co. v. Graham*, 94 Ala. 545.—*L. & N. R. R. Co. v. Mothershed*, 110 Ala. 143 ; *Brown v. L. & N. R. R. Co.*, 111 Ala. 275 ; *R. & D. R. R. Co. v. Hissong*, 97 Ala. 187 ; *Same v. Free*, 97 Ala. 231 ; *Same v. Thomason*, 99 Ala. 471 ; *Prior v. L. & N. R. R. Co.*, 90 Ala. 32.

HARALSON, J.—The first two counts, numbered one and three, charge negligence in the engineer, and the fourth, the negligence of the conductor of the train, as the cause of the injury to the plaintiff. No willfulness or wantonness is averred. The pleas were the general issue, and contributory negligence on the part of the plaintiff.

The evidence on which the case is to be determined is not in conflict. The train moved westward from Stephenson to Scottsboro in Alabama. At the latter point, there is a switch track making off from the main line on the north, and running parallel therewith, west, some distance, connecting again with the main track. On this switch track, there were standing from three to five uncoupled empty cars. There was a loaded car in the train to be attached to the engine and thrown in on the switch track, with the other stationary cars already there, the purpose being, to unload it into wagons on a dirt road which ran parallel and close to it, on the north. On the arrival of the train, the first brakeman and plaintiff, by the orders of the conductor, proceeded to place said loaded car on the side track. The engineer and fireman were on the engine, and the conductor, who had superintendence,

was at the depot, near by. The loaded car was cut loose from the train and pulled westward on the main line, to a point beyond the opening of the switch. The front brakeman was on the ground, on the south side of the switch track, and plaintiff was standing on the same side, near the west end of one of the loose cars on the side track. There was no custom or rule that required cars that were on said side track to be coupled, when another is to be left there, and whether they were to be coupled or not depended on circumstances; and on this occasion, there was no necessity for it to be done. The plaintiff and the conductor both testified, that the conductor on this occasion, gave no direction to plaintiff or to any of the crew to couple said loose cars together, but there was no instruction for him not to do so. Between the two stationary cars which the plaintiff attempted to couple, there was a space of four or five feet. The engine as it backed from the west, on the switch track, pushing the loaded car to its place thereon, was moved backward at the rate of five or six miles an hour. The fireman was looking out of the cab window, on the south side, in the direction of plaintiff, who was standing near the second and third stationary cars; and the engineer was on the north side of the cab, controlling his engine, while backing the loaded car. The front brakeman coupled the loaded car, being pushed backwards, to the first loose car it approached, and then uncoupled it from the engine, which immediately pulled out and started west, towards the main line; and the loaded car, with the one to which it had been coupled by the front brakeman, rolled down the side track,—which inclined down grade towards the east, at that point,—towards the loose cars, where plaintiff was standing, outside of the track, and the loose car on his left, attached to the loaded car, propelled back-wards, struck the loose car, on his right. The engine was at that time detached from the loaded car, and was going west to the end of the switch. Plaintiff testified he did not know the engine was uncoupled from the unloaded car at the time.

When the engine was backing the loaded car, and when about five car lengths from plaintiff, he testified, that the engine was backing down so rapidly, he gave the signal to slow up, and then stepped at once, as quick as he gave the signal, between the second and third loose

cars to make the coupling, and his hand was caught between the bumpers and mashed. His testimony as to this matter, as set out, was, "When he gave the signal to slow up, he did not wait to see if the engineer responded to his signal, but went at once between said cars, and he did not know the fireman communicated it to the engineer; he only saw the fireman looking out from the cab, and could not see the engineer at all, as he was on the other side of the engine."

The plaintiff was twenty-three years old and had been braking on freight trains on said road about three years, and was familiar with the rules of the company. The evidence was conflicting whether plaintiff used a stick for coupling on the occasion or not.

The rules of the company were introduced, among which was the following: "Use care. 139—Every employé must exercise the utmost caution to avoid injury to himself or to his fellows, especially in the switching of cars and in all movements of trains, which work each employè must look after, and be responsible for his own safety. Jumping on or off trains or engines in motion, getting between cars in motion to couple or uncouple them, and all similar imprudences are dangerous and in violation of duty. All employés are warned that if they commit these imprudences it will be at their own peril and risk."

From the foregoing evidence it appears that the plaintiff attempted an obviously perilous undertaking, by going in between cars to couple them, whether he used a stick or not; that there was no necessity for his having exposed himself, no order having been given, even, to couple these loose cars, and if there had been, there was a safer way of doing it, by waiting a moment until the cars came together; that there was no emergency justifying the self-imposed exposure, the very great danger of which was illustrated in the injury he received; that he undertook this unnecessary and perilous feat, without waiting to see if the signal he gave to slow up, if of any service to him, had been seen or obeyed; and all this, in direct violation of the rules of the company, with which he was familiar, and which he had agreed in writing, when he accepted service, strictly to obey. The plea that the engine moved too rapidly back, does not avail him. Having committed the im-

prudent act of going between the cars, he might have been injured, if they had approached even more slowly. The danger of going between them under such circumstances, whether they were coming together slowly or rapidly, was great, and obvious to any prudent man. *R. &. D. R. R. Co. v. Free*, 97 Ala. 231 ; *Southern Railway Co. v. Arnold*, ante p. 183 ; *Davis v. The Western Railway of Ala.*, 107 Ala. 626 ; *George v. M. & O. R. R. Co.*, 109 Ala. 245. He was guilty in so doing of neglicence, contributing proximately to his own injury.

There was no error in giving the general charge for the defendants as requested.

Affirmed.