[Sicard v. Guyllou, *et. al.*]

# Sicard *v.* Guyllou, *et al.*

*Bill to Enjoin Ejectment and to Correct Description of Deeds.*

(Decided June 5, 1906. 41 So. Rep. 474.)

*Equity; Bill; Multifariousness.*—Complainant and G. purchased part of a plat of land from W., and complainant and G. went into possession of certain parts of the plat under their deeds, W. retaining the remainder; on account of inaccuracies in descriptions there resulted a confusion of boundaries on the face of the paper title, and G., claiming her deed conveyed the land occupied by complainant, commenced a suit in ejectment to recover it; whereupon complainant filed his bill against G. and W. and wife, original grantors of both complainant and G., to enjoin the ejectment suit and to correct errors in description in both deeds. Held, bill was properly filed as preventing a multiplicity of suits, and was not demurrable for multifariousness.

APPEAL from Jefferson Chancery Court.

Heard before HON. A. H. BENNERS.

Appellant filed his bill against Catharine Guyllou, A. G. Wheeler, and M. F. Wheeler, seeking to enjoin a suit in ejectment begun by Guyllou for the recovery of a certrain lot of land and to corrct the description in his deed. Demurrers were interposed raising the question of multifariousness and motion was made to dismiss the bill on the same grounds. From a decree sustaining the motion and demurrers this appeal is prosecuted. The facts sufficiently appear in the opinion.

ARTHUR L. BROWN, for appellant.—Complainant having acquired from Wheeler the right to the land in controversy took Wheeler's place and is entitled to have the deed from Wheeler to Guyllou corrected so far as it affects his property.—*Jones v. McNealy,* 139 Ala. 379; *Harris v. Ivey,* 114 Ala. 363. This being the case, appellant had the right to have the deed reformed and to re-

[Sicard v. Guyllou, *et. al.*]

strain the ejectments, and having acquired jurisdiction for one purpose, will hold it for all purposes, and do complete justice.

If the bill was multifarious as to the Wheelers and not as to Guyllou, only the Wheelers could take advantage of it and they interposed no objection to it.—*Stone v. Knickerbocker,* 52 Ala. 589; *Boyd v. Hunter,* 44 Ala. 718; *Norwood v. M. R. R. Co.,* 72 Ala. 563; *Bragg v. Patterson,* 85 Ala. 233; *Bolling v. Vandiver,* 91 Ala. 575.

The court should entertain the bill to render certain that which is uncertain or to establish disputed boundaries, or to remove could from title, or to quiet title.—1 Pomeroy's Eq., § 246; 3 Ib., §§ 1384, 1386, 1387 and 1394.

The bill is not multifarious.—*Bank v. Walker,* 7 Ala. 926; *Andrews v. Jones,* 68 Ala. 117; *Wilkerson v. Bradley,* 54 Ala. 677; *McCartey v. McCartey,* 74 Ala. 556; *Lyons v. McCurdy,* 90 Ala. 447; *Florence Gas Co. v. Hamby,* 101 Ala. 14; *LeBeck v. Ft. Payne Bank,* 115 Ala. 447; *Larkin, et als. v. Riddle,* 21 Ala. 252; *Randall v. Boyd,* 73 Ala. 282.

BUSH. & BUSH, for appellee.—The bill is multifarious. —*Jones v. Hardy,* 127 Ala. 221; 14 A. & E. Ency., P. & P. pp. 197, 199, 201.

WEAKLEY, C. J.—Multifariousness is incapable of exact definition, and the impossibility of laying down any general rule whereby it may be determined in all cases whether the obection is well taken has often been often recognized. "The objection is frequently a matter of discretion, and so the circumstances under which it is allowed to prevail, so that every case must in a measure be governed by what is convenient and equitable under its own peculiar facts, subject to the recognized principles of equity jurisprudence; and it is always proper to exercise this discretion in such manner as to discourage future litigation about the same subject-matter and to prevent multiplicity of suits, and never so as to do plain violence to the maxim, that courts of equity delight to do justice and not by halves.' "—*Adams v. Jones,* 68 Ala. 117. No

universal rule in regard to multifariousness can be or
has been attempted to be established.  "The substance
of the rules on the subject appears to be that each case
is to be governed by its own circumstances, and must be
left in a great measure to the sound discretion of the
court."—1 Daniell, Ch. Pl. & Pr. 334, note 2.  All that can
be done in each particular case, as it arises, is to consider
whether it comes nearer to the decisions where the objec-
tion has been held fatal or to those where it has not been
so held; and, if a complainant has an equitable right
against each of the defendants in the subject matter of
the suit, he may proceed against all of them in one suit.
—*Boyd v. Hunter*, 44 Ala. 705.

The complainant in the present bill comes into the
equity court as the owner and as being in possession of
a certain lot, a portion of a plot of one acre, which orig-
inally belonged to his vendor, Wheeler.  The defendant
Guyllou, who filed the demurrer on which the decree we
are reviewing was rendered, is alleged to have previously
purchased from Wheeler another portion of the acre, and
to have taken possession of that portion so purchased
and that only; and the common vendor, Wheeler, is al-
leged to have retained and yet to own the remainder of
the plot, the three parties together owning the whole,
and each being in possession of his respective part.  As
a result of inaccuracies and misdescriptions in each of
the deeds from Wheeler and wife to their two vendees,
confusion of boundaries on the face of the paper titles
has resulted; and Guyllou, claiming that her deed from
Wheeler, properly construed, conveyed the land claimed
by complainant, has instituted an action of ejectment
against complainant to recover the lot of which he is in
possession.  The complainant files this bill against Guyl-
lou and against Wheeler and wife, the common grantors,
seeking to correct the errors and misdescriptions in both
deeds, to enjoin the ejectment suit, and for general re-
lief.  In support of the grounds of demurrer, which as-
sert that the bill is multifarious, it is argued:  (1) That
there are no connection between the deeds made by
Wheeler and wife to Guyllou and the ded subsequntly

made to the complainant by Wheeler and wife; and (2) that there is no connection between the deed made by Wheeler and wife to the complainant and the ejectmnt suit brought against complainant by Guyllou. In a general way, it may be said that the bill is one to quiet the title and possession of complainant to the lot purchased from Wheeler. As one step in the process it is desirable and important to him to secure a correction of Wheeler's deed, under which he claims, so as to make it speak the real purpose of the parties and to correctly and accurately describe the lot purchased. When this correction is accomplished, it will show him to be a purchaser of the lot he claims, and will place him in a position where he is entitled to secure a correction also of Wheeler's deed to Guyllou, so as to make that deed describe the lot purchased and to exclude from it complainant's lot or any part of it. When it appears that complainant acquired from Wheeler the land of which he is in possession, his right to secure a correction of Wheeler's deed to Guyllou, in so far as it effects complainant's property, is apparent.—*Jones v. McNealy,* 139 Ala. 379, 35 South. 1022; *Harris v. Ivey,* 114 Ala. 376, 21 South. 422.

Proceeding, therefore, to enforce against Guyllou the right to have a correction of the latter's deed, he may, as incidental thereto, and to secure complete relief, proceed further and ask that the ejectment suit be restrained. All the equities asserted by the bill are therefore connected together, and all converge to the end and purpose of quieting complainant's title and possession, and, furthermore, to the settling of the boundaries between the three persons whose separate holdings make up the acre tract. No doubt the complainant might have maintained a bill against Wheeler and wife alone to correct their deed to him; but under the facts alleged, and in view of the situation of the parties and their relation to each other, we hold he might go further, for the purpose of preventing a multiplicity of suits, and also seek a correction of Wheeler's deed to Guyllou, with a consequent injunction of the latter's ejectment suit. There is a unity of purpose in the bill, and all the equi-

ties relate to the subject-matter of the suit or are incidental thereto. There was not a joining of distinct and disconnected matters in such sort as to constitute multifariousness.—*Jones v. McNealy,* 139 Ala. 379, 35 South. 1022, 101 Am. St. Rep. 38. No good purpose would be subserved by comparing this case with others, in which the objection of multifariousness has or has not been sustained, since each case must be determined upon its own facts, and no two will probably appear to be exactly alike. Doubtless the combination of facts and circumstances here found does not exist in any other adjudication.

Appellees' counsel make no argument in support of the other grounds of demurrer. We have examined them, however, and are of opinion that they are not well taken. The decree of the chancellor sustaining the demurrer is reversed. A decree is here rendered overruling the same, and the cause will be remanded for further procedings.

Reversed, rendered, and remanded.

TYSON, SIMPSON, and ANDERSON, JJ., concur.