(75 South. 398)

FORD v. BORDERS et al.   (7 Div. 854.)

(Supreme Court of Alabama.   Feb. 1, 1917. On Application for Rehearing, May 17, 1917.)

1. EQUITY ☞148(7) — MULTIFARIOUSNESS — MISJOINDER OF CAUSES OF ACTION — PARTITION AND OTHER RELIEF.

A bill for partition is not rendered multifarious by seeking an accounting among the tenants in common as for rent or other uses of the common property and for amounts expended thereon by some.

[Ed. Note.—For other cases, see Equity, Cent. Dig. § 364.]

2. EQUITY ☞149—MULTIFARIOUSNESS—MISJOINDER OF CAUSES OF ACTION — PARTITION AND OTHER RELIEF.

A tenant in common, deriving her interest under will of her mother, who had bought the lands with another tenant in common, in a suit against the latter for partition and an accounting, could properly join herself as administratrix of her mother's estate to have a full accounting, including items due her mother's estate prior to the time when complainant acquired her individual interest, in order to avoid two suits.

[Ed. Note.—For other cases, see Equity, Cent. Dig. §§ 342, 368–370.]

---

**3. EQUITY ⚙=148(7) — MULTIFARIOUSNESS — MISJOINDER OF CAUSES OF ACTION—PARTITION AND OTHER RELIEF.**

But in such suit complainant could not by the same bill seek an accounting between herself as administratrix and such other tenant as to a farming partnership between him and her testatrix, and also an accounting as to matters extending over three or four years, during which such other was acting as agent of the testatrix, and as to renting other tracts of land; Code 1907, § 3095, providing that a bill is not multifarious which seeks alternative or inconsistent relief growing out of the same subject-matter, not applying.

[Ed. Note.—For other cases, see Equity, Cent. Dig. § 364.]

**4. PARTITION ⚙=83 — ACCOUNTING — MISJOINDER OF CAUSES OF ACTION.**

A tenant in common who files his bill for partition in specie, or for a sale of the common property for distribution, may .also have an accounting between the tenants in common as to such property, whether it be as for rents, improvements, or otherwise, if it relates to or is connected with the use of the common property; this being necessary in order to avoid two or more suits.

[Ed. Note.—For other cases, see Partition, Cent. Dig. §§ 228, 229.]

**5. EQUITY ⚙=148(7) — MULTIFARIOUSNESS — MISJOINDER OF CAUSES OF ACTION — PARTITION AND OTHER RELIEF.**

A tenant in common, in suit for partition in specie, or for a sale, cannot have an accounting between himself and another of the cotenants, as to matters not so related to or connected with the common property sought to be divided as to be logically embraced in the main accounting.

[Ed. Note.—For other cases, see Equity, Cent. Dig. § 364.]

**6. EQUITY ⚙=148(7) — MULTIFARIOUSNESS — MISJOINDER OF CAUSES OF ACTION.**

Even if the parties to a suit for partition are the only parties interested in accountings as to other matters and transactions, these independent matters cannot be joined in one suit.

[Ed. Note.—For other cases, see Equity, Cent. Dig. § 364.]

**7. EQUITY ⚙=147—"MULTIFARIOUSNESS."**

"Multifariousness" is the joinder of distinct and independent matters, thereby confounding them, or the uniting in one bill of several distinct and unconnected matters against one defendant, or the demands of several distinct and independent matters of a distinct and independent nature against several defendants in the same bill; it is frequently a matter of discretion; every case must be governed by its own peculiar facts, subject to certain equity jurisprudence; in determining this question multiplicity of suits should be avoided, as equity delights to do justice, and not by halves, and it is left in a large measure to the sound discretion of the court.

[Ed. Note.—For other cases, see Equity, Cent. Dig. § 340.

For other definitions, see Words and Phrases, First and Second Series, Multifariousness.]

**8. EQUITY ⚙=246 — DEMURRER — AMENDMENT AFTER DEMURRER—MULTIFARIOUSNESS.**

On the sustaining of a demurrer for misjoinder, the proper practice is to afford the plaintiff the opportunity to elect to proceed for one only of the matters of suit.

[Ed. Note.—For other cases, see Equity, Cent. Dig. § 517.]

On Application for Rehearing.

**9. PARTITION ⚙=83—ACCOUNTING—MISJOINDER OF CAUSES OF ACTION.**

In a suit by a tenant in common for partition and an accounting, the mere fact that the lands in question were bought, and used, under a partnership arrangement, or that of principal and agent, would not prevent an accounting as for the purchase price, rents, income, profits, or other use of the common property, provided the suit is confined to relations of the parties involving the lands to be apportioned.

[Ed. Note.—For other cases, see Partition, Cent. Dig. §§ 228, 229.]

Appeal from City Court of Anniston; Thomas W. Coleman, Jr., Judge.

Suit by May C. Ford against C. S. Borders and another. Decree for respondents, and complainant appeals. Affirmed.

Appellant, in her individual capacity, filed the original bill against C. S. and Ab. G. Borders, appellees, as tenants in common of a certain tract of land. The bill sought a sale for distribution of the common property, and an accounting as for the purchase price paid for the lands, and as for rents, and as for certain timber used by respondents and charcoal sold from the lands.

Complainant's claim of title to the land was under a will executed by her mother, who, together with C. S. Borders, purchased the lands as tenants in common.

The claim of the respondent Ab. G. Borders was also by virtue of the will of Mary E. Borders, the mother of complainant, who devised her interest in the lands to complainant and Ab. G. Borders.

There was no contest of the facts that complainant and respondents were tenants in common, and that the lands should be sold for distribution. The respondent C. S. Borders, however, denied complainant's right to an accounting in her individual capacity as for rents accruing prior to the death of testatrix, which was in July, 1910.

The complainant then amended her bill by joining herself as administratrix of the estate of her mother with the will annexed with the original complainant; whereupon the respondent C. S. Borders demurred to the amended bill as for a misjoinder of parties and multifariousness, but the demurrer was overruled. The complainant again amended her bill, setting up the statute of limitation and of nonclaim to some of the matters set up in respondents' answer, and subsequently amended it by setting up a partnership for farming between her testatrix and C. S. Borders, and praying an accounting as to this partnership affair. In addition to the above, this amendment set up that from the year 1899 or 1900 to 1903 C. S. Borders, acting as the agent of complainant's testatrix, had received the rents and proceeds from two other places owned by testatrix, and that he had never accounted therefor, and sought to have him so account in this suit. The accounting as for the two places last referred

to was sought by complainant in her representative capacity; while the accounting as for the rent of the place sought to be sold was asked by complainant individually and on behalf of Ab. G. Borders.

The respondent C. S. Borders demurred to the bill as last amended, as for misjoinder and multifariousness. The court sustained the demurrer, and complainant appeals.

Willett & Willett, of Anniston, for appellant. Knox, Acker, Dixon & Sterne, of Anniston, for appellees.

MAYFIELD, J. The sole question presented for decision by this appeal is whether or not the bill as last amended is multifarious. We are of the opinion that the trial court ruled correctly on the demurrer to the bill as last amended.

[1-3] A bill for partition among tenants in common is not rendered multifarious by seeking an accounting among the tenants in common as for rent or other uses of the common property and for amounts expended thereon by same. The original bill was therefore not multifarious, though probably an accounting should be had only for the time after complainant acquired her interest; but she could well join herself as administratrix, so as to have a full accounting as to the lands sought to be sold for distribution, in order to avoid two suits. But when, in addition to this, and by the same bill, she sought an accounting between herself in her representative capacity and C. S. Borders as to a farming partnership between him and her testatrix, and also an accounting as to matters extending over three or four years, during which C. S. Borders was acting as agent of the testatrix, and as to renting two other tracts of land, the bill was rendered multifarious. These last two matters are not shown to be so connected with or related to the original bill to sell lands for partition and distribution, as to be properly made a part thereof in order that complete equity may be done.

[4, 5] A tenant in common who files his bill for partition in specie, or for a sale of the common property for distribution, may also have an accounting between the tenants in common as to such property, whether it be as for rents, improvements, or otherwise, if it relates to or is connected with the use of the common property. This is necessary in order to avoid two or more suits. But such tenant in common cannot, in such a suit for partition, have an accounting between himself and another of the cotenants, as to matters not so related to or connected with the common property sought to be divided as to be logically embraced in the main accounting.

[6] Even if the parties to the suit for partition are the only parties interested in accountings as to other matters and transactions, those independent matters cannot be joined in one suit.

Moreover, here one of the respondents had no interest whatever in some of these accountings sought between the other two parties, and hence should not be lugged into the suit.

The rules of law as to multifariousness, so far as applicable to this case, have been frequently stated by this court, and may be summarized as follows:

[7] "Multifariousness" is the joinder of distinct and independent matters, thereby confounding them, or the uniting in one bill of several distinct and unconnected matters against one defendant, or the demands of several distinct and independent matters of a distinct and independent nature against several defendants in the same bill.

The decisions as to what constitutes multifariousness are so exceedingly various as to make it difficult, if not impracticable, to educe any general rules by which to test the objection, the courts seeming to regard what is convenient and just in the particular case, always discouraging the objection where, instead of advancing, it would defeat, the ends of justice. 3 Mayf. Dig. 288.

Multifariousness is incapable of exact definition; it is frequently a matter of discretion; every case must be governed by its own peculiar facts, subject to certain equity jurisprudence; in determining this question multiplicity of suits should be avoided, as equity delights to do justice, and not by halves. It is left in a large measure to the sound discretion of the court. Sicard v. Guyllou, 147 Ala. 239, 41 South. 474; 6 Mayf. Dig. 318.

Multifariousness is generally understood to infect those cases where a party is brought in as a defendant as to matters with a large portion of which, or with the case made by which, he had no connection whatever. It may be described as a joinder of different and distinct independent matters thereby confounding them, or a uniting in one bill of several matters perfectly distinct and unconnected against one defendant, or the demands of several matters of a distinct and independent nature against several defendants in the same bill. A. G. R. R. Co. v. Prouty, 149 Ala. 71, 43 South. 352; 6 Mayf. Dig. 318.

[8] The joinder of two distinct subject-matters, not having any connection, renders a bill multifarious; but on the sustaining of a demurrer for the misjoinder the proper practice is to afford the plaintiff the opportunity to elect to proceed for one only of the matters of suit. Junkins v. Lovelace, 72 Ala. 302; 3 Mayf. Dig. 291.

"No general rule defining what causes of action may be properly joined and what may not can be laid down. The question is always one of convenience in conducting a suit, and not of principle, and is addressed to the sound discretion of the court. * * * If it appears that the causes of action or claims are so dissimilar or distinct in their nature that they cannot be heard and determined together, but must be heard piecemeal, first one and then the other, a clear case of fatal misjoinder is presented; but where a complainant has two good causes of ac-

tion, each furnishing the foundation of a separate suit, one the natural outgrowth of the other, or growing out of the same subject-matter, * * * and the suit has a single object, that may be properly joined, and the objection of multifariousness or misjoinder will not be sustained." Ferry v. Laible, 27 N. J. Eq. 146, 150, and authorities cited; Singer v. Singer, 165 Ala. 145–147, 51 South. 755, 29 L. R. A. (N. S.) 819, 138 Am. St. Rep. 19, 21 Ann. Cas. 1102; 7 Mayf. Dig., 289, 290.

We are of the opinion that there was no error in sustaining the demurrer; and the decree appealed from must be affirmed.

There is nothing in this case to bring it within the influence of section 3095 of the Code.

Affirmed.

ANDERSON, C. J., and SOMERVILLE and THOMAS, JJ., concur.

### Response to Application for Rehearing.

MAYFIELD, J. Counsel for appellant in their application for a rehearing seem to labor under the impression that this court, on the appeal, has in some way or manner modified the decree of the lower court. That decree is in no wise changed, but in all things affirmed. Counsel surely overlook the first two sections and paragraphs in the opinion of which they complain.

The only judgment here is one affirming the decree appealed from sustaining a demurrer to the bill as last amended. The demurrer was overruled to the bill as it stood before the last amendment; and it is not decided that the bill was then subject to multifariousness, as counsel seem to apprehend. Nothing is intended to be intimated as to the correctness of the rulings, before the bill was last amended. If there be anything in the opinion that would seem to indicate a decision upon matters not decided by the chancellor, it is dictum; it was not intended to intimate any holding contrary to the decision below.

Counsel for appellant refer to the opinion of the learned chancellor to show error in our opinion. The opinions of courts and of judges contain merely the reasons for the decision. We have no criticism for the opinion of the lower court, but, to the contrary, approve and affirm it, as well as we do the decision reached and the decree rendered. The chancellor said and decided that the accounting between the parties should be confined to matters and transactions relating to the common property sought to be apportioned; that it could not and should not be so extended as to include matters and transactions between the parties or tenants in common, in reference to the lands in question, occurring before the relation of tenants in common subsisted, nor to matters or transactions between them, having no relation to, or connection with, the common property sought to be partitioned or sold for division, which was and is the main equity of the orig-

inal bill; the accounting being purely incidental to the main equity. The bill is one for partition or sale for division of lands belonging to tenants in common, and not one for an accounting. Were the main equity of the bill for an accounting, the decree on the demurrer might be different.

It was not intended to be decided or stated in the opinion that the mere fact that there was a partnership arrangement as to the cultivation or use of the lands in question, or that one tenant was acting as the agent of the other in the purchase, use, occupation, or cultivation of the common property, would prevent an accounting as to the purchase price, rents, income, or profits of the lands sought to be apportioned. But it was said and decided, and, we hold, correctly so, that matters and transactions between the parties relating to other lands in question should not be lugged into this suit; that is, that the accounting should be confined to the subject-matter of the suit, the lands sought to be apportioned.

[9] The fault found by the chancellor and by this court with the bill as last amended was that the main equity of the bill has by repeated amendments been changed from partition of lands among tenants in common to one for an accounting between the parties. While an accounting may be had on a bill for partition, it is a mere incident to the right of partition, and must be limited in its scope to matters related to, or connected with, the common property sought to be partitioned. It is perfectly evident that the bill as last amended is not so limited but that the last amendment takes in matters relating to other lands, and to transactions between the parties, occurring even before the relation of tenants in common arose, and affirmatively attempts to settle the affairs of a partnership and those growing out of the relation of principal and agent between the parties. As before stated, the mere fact that the lands in question were bought and used under a partnership arrangement, or that of principal and agent, would not prevent an accounting as for the purchase price, rents, income, profits, or other use of the common property; but such relations of the parties in this suit must be those only that involve the lands sought to be apportioned.