158 So. 741

**HOLMAN v. PRIDGEN.**
**4 Div. 784.**

Supreme Court of Alabama.
Jan. 17, 1935.

520

J. N. Mullins, of Dothan, for appellant.

T. E. Buntin and N. Frank Pridgen, both of Dothan, for appellee.

ANDERSON, Chief Justice.

Bill as substituted by the appellee for a sale for division of lands owned jointly by appellee and appellant or, in the alternative, for a partition in kind in case said lands can be equitably divided without a sale.

It is first insisted that there is no equity in the substituted bill of complaint for the reason that the bill is prematurely filed—that according to a certain contract between complainant's testate and the respondent, and which was referred to in the will of M. F. Pridgen, the surviving partner was to remain in control and management of the partnership affairs, including the lands, at a fixed salary for thirty-six months after the death of said Pridgen. As we view the contract (paragraph 6), the period of thirty-six months there mentioned was intended as a limitation and not a requirement that the affairs could not or should not be wound up sooner. Moreover, while renting the lands is mentioned, that was but an incident to the duties of the surviving partner and it was not contemplated that after all the other partnership affairs were wound up or adjusted that he should continue to draw a salary for thirty-six months to look after renting the lands alone. Again, the respondent, by purchasing the interest of the complainant in all of the firm's assets except the land, waived a continuation of the contract for thirty-six months.

True, the will of M. F. Pridgen gives his widow a conditional interest in his estate dependent upon her remarriage, but that does not concern this respondent and can be adjusted by the trial court as between the widow and the other beneficiaries under the will of her husband.

We also think that the substituted bill sufficiently offers to do equity as it asks for a sale of the stable and warehouse subject to respondent's possessory right to June 1, 1936, granted to him by the division sale contract marked Exhibit B.

So much of the bill as seeks an accounting for the rents collected by the respondent is but an incident to a division of the joint property, and a court of equity having acquired jurisdiction can adjust all matters germane to the general purpose of the bill. Ford v. Borders, 200 Ala. 70, 75 So. 398.

Nor is the substituted bill multifarious because it also asks for the cancellation of a deed to some of the property obtained by the respondent individually which, as charged, was owned by the partnership. "A bill is not multifarious which seeks alternative or inconsistent relief growing out of the same subject-matter, or founded on the same contract or transaction, or relating to the same property between the same parties." Section 6526 of the Code of 1923.

The trial court did not err in overruling the respondent's demurrers to the substituted bill, and the decree of the circuit court is affirmed.

Affirmed.

THOMAS, BROWN, and KNIGHT, JJ., concur.