# Donovan *v.* Haynie, Adm'r.

*Bill in Equity by Cestui que trust to compel trustee to account.*

1. *Fiduciary debt; husband's liability to account as trustee, is.*—The liability of the husband as trustee of the wife's equitable separate estate, under an ante-nuptial contract to account to the personal representative of the deceased wife for trust moneys received and unaccounted for at the death of the wife, is a fiduciary debt and is not affected by his discharge in bankruptcy.

2. *Administrator of deceased wife may maintain bill for account against husband as trustee.*—The administrator of the deceased wife may maintain a bill in equity against the surviving husband, as trustee of her equitable separate estate, under an ante-nuptial contract to compel an account and settlement of the trust estate.

3. *Admission by husband of receipt of money of wife, sufficient to charge him.*

[Donovan v. Haynie, Adm'r.]

In the husband's answer to such a bill, his admission of the receipt of moneys belonging to the wife's estate is sufficient to charge him with the receipt of such moneys as trustee, and if he received it as a gift or loan the *onus* of proving that fact is on him.

APPEAL from the Chancery Court of Mobile.

Heard before Hon. H. AUSTILL.

This was a bill filed by John D. Haynie, as administrator of the estate of Mrs. Winifred Haynie, against her surviving husband, Isaac Donovan. It is averred in the bill, that before the marriage of Mr. and Mrs. Donovan, they entered into a marriage contract, a copy of which is attached as an exhibit to the bill. In this settlement it is provided that said "Isaac Donovan, for himself, &c., does agree upon said marriage, &c., that he does and shall renounce all claim, right and title in his own right forever, in or to any property and all property, money, &c., of her, the said Winifred, the said marriage to the contrary notwithstanding ; " and declares himself and all who may claim under him estopped from all claim thereto, or any part thereof, in his own right, or to any rent, issues or profits to arise therefrom. It is further provided therein, that " said intended husband shall be the trustee of his said wife, and as such shall have the title and property of his said wife, &c.; and as such trustee to manage and control the same, &c. It also provides that Mrs. Donovan shall have full power to sell and dispose of any or all of said property, and her action as to the same shall be binding on her trustee, giving her " as full and free control of said property as if she were unmarried," and declares that the husband shall not have any personal right or interest in the property except as her trustee ; and at the determination of the coverture all the trust power shall cease. The bill then alleges that the husband, as trustee of his wife, came into possession of all her property ; that at the time of the death of said Winifred the said Isaac Donovan had in his possession a considerable amount of money belonging to his said wife, which was part of the trust estate conveyed by the marriage contract, stating the amount to be about twelve hundred dollars ; that the defendant took no beneficial interest in the property of his wife. Winifred, and that after her death he became accountable to her administrator therefor ; that since the death of his wife, Donovan had been adjudged a bankrupt, but that the debt due by him as trustee as aforesail was not affected thereby. The bill prays that said Donovan may be compelled to show what property of his wife he received as trustee, and what he had on hand at the time of her death ; that he be required to deliver to complainant, as administrator, all the property that went into his

[Donovan v. Haynie, Adm'r.]

hands as trustee, and that he be required to account for all moneys, &c., belonging to or growing out of said trust estate. The defendant demurred to the bill because—1. the liability is a debt which was barred by the bankruptcy ; 2. the bill fails to show that the relation of trustee and *cestui que trust* existed at the time the bill was filed, in such a way as to give the court jurisdiction to compel a discovery and an accounting.

The defendant also answered, denying that he came into possession of any of his wife's property as trustee, but stating that when he collected any money for her he immediately accounted to her for it.   His answer denied that he ever entered on the duties of the trust and became liable to account for the trust property ; that he had no money in his possession at the time of his wife's death which belonged to her estate.   The answer admits that not long before Mrs. Donovan's death, "having need to use some money in the management of his farm, which embraced the homestead, he made · application to his wife for some money, who, being informed of the uses and purposes thereof, drew and signed checks for him payable to himself and delivered the same to him with the express understanding that he should draw the money from the bank and apply it as indicated, or as he might have need of the same in his business, and that the said sum aggregated $1200 ; that it was a debt due from himself to his wife.   Defendant pleaded that he had been discharged in bankruptcy.   The cause was submitted on the bill, the demurrer and answer of the defendant, and an agreement admitting the fact that the defendant had been duly discharged in bankruptcy.   The court overruled the demurrers, and decreed that the defendant be required to account for the sum of twelve hundred dollars received by him as shown in his answer.   This decree is assigned as error.

GAYLORD B. CLARK, and FRANK B. CLARK, JR., for appellant. Appellant ceased to be a trustee of his wife's property at her death.—*Smyley v. Reese*, 53 Ala. 89.   The relation thereafter was simply that of debtor and creditor.   The wife may deal with her equitable separate estate as if she were a *feme sole*, unless she is restrained by the instrument creating it. *Short v. Battle*, 52 Ala. 456 ; *Robinson v. O'Neal*, 56 Ala. 54 ; 50 Ala. 182.   A *feme covert*, having a separate estate under an ante-nuptial contract, may enter into a contract with her husband that he shall have the land.—*Booker v. Booker*, 32 Ala., and this may be done by parol.—*Wallis v. Lane*, 16 Ala. 733; 2 Story's Equity, §§ 1378, 1380, 1390 ; *Gardner v. Gardner*, 3 Paige, 116 ; *Jacques v. M. E. Church*, 11 John. 248.   A

contract between husband and wife which is good at law will generally be sustained in equity.—10 Peters, 583; Schouler on Dom. Rel. 286. Appellant did not take possession of his wife's property as trustee. The money he received was for himself, and not for her, and was either a gift or a loan. The wife had a right to make a loan or a gift to her husband, and her check was either the one or the other. There was no fiduciary relation as to the $1200 received by the husband, for it was used in a particular way by the husband, with the approval of the wife. There was no fraud, and no creation of any debt while acting in a fiduciary character, and the debt, if there ever was one, was barred by the discharge in bankruptcy.—*Thoms v. Thoms*, 45 Miss. 263; *Neal v. Clark*, 3 Otto, 704. The receipt and expenditure of the money by Donovan was not in any fiduciary character, and the burden of proving the debt to have been of a fiduciary character is on the creditor.—*Sherwood v. Mitchell*, 4 Denio, 435.

JOHN T. TAYLOR, for appellee.—All the property of Mrs. Donovan vested in her husband as her trustee immediately on her marriage. As soon as he came into possession of any of it there was a trust fastened on it at once, and the particular way or manner in which he received it can make no difference; nor was it shown that there was any agreement between himself and his wife by which the character of his holding was changed. The debt was therefore of a fiduciary character, and was not affected by his bankruptcy.

STONE, J.—The ante-nuptial deed of marriage settlement entered into, by and between appellant and appellee's intestate, is made an exhibit to the bill. It, in express terms, makes Donovan trustee of his future wife's estate, reserves to the latter an equitable separate estate, with unlimited ownership, and very large powers in and over the estate itself, and its income. There can be no question that if any of this trust estate went into the hands of the husband under this deed, and remained unaccounted for at Mrs. Donovan's death, it created a debt of a fiduciary character, which was not discharged by the proceedings in bankruptcy.—Rev. Stat. U. S. section 5117; Bump on Bankruptcy, 9th ed. 730; Blumenstiel's Bankruptcy, 540–1.

The answer of the defendant admits the receipt of twelve hundred dollars of the equitable separate estate of the wife. Being her trustee, the *prima facie* intendment is that he received it in that capacity; and the *onus* is on the defendant to overturn that intendment. His only reliance to obtain this end is his sworn answer. His admitted receipt of the

[Marler v. The State.]

money is responsive to the allegation of the bill, and is legal evidence for the defendant. The special facts he sets up to show he did not receive the money as trustee, but as a loan or accommodation, are not responsive, but are of the nature of confession and avoidance, the proof of which rested on him. These alleged facts the answer does not prove. Offering no other evidence, the defendant stands charged as a trustee, with the moneys thus received.—1 Brick. Dig. 738, sec. 1467; *Dunn v. Dunn,* 8 Ala. 784; *Walker v. Miller,* 11 Ala. 1067; *Royall v. McKenzie,* 25 Ala. 363; *Rembert v. Brown,* 17 Ala. 667.

The present bill is filed by the administrator of the *cestui que trust,* to compel the trustee to account. As we have shown above. the trustee received moneys of the trust estate, and there has been no settlement of his accounts. The bill contains equity, and the demurrer to it was rightly overruled. *Crompton v. Vasser,* 19 Ala. 259; *Vincent v. Rogers,* 30 Ala. 471; *S. C.* 33 Ala. 224; *Eldrige v. Turner,* 11 Ala. 1049; *Chapman v. Chapman,* 32 Ala. 106.

Affirmed.