# Hall *v.* McKeller.

## *Bill for Discovery and Accounting.*

(Decided April 23, 1908. 46 South. 460.)

1. *Accounting; Jurisdiction in Equity.*—In order to give the chancery court jurisdiction in equity for an accounting, it is only necessary to show either a fiduciary relation between the parties or complication or that a discovery is necessary.

2. *Equity; Pleadings; Verification.*—It is not necessary that the bill be verified where chancery has jurisdiction of an action for an accounting, and the discovery sought is merely incidental.

3. *Same; Amendment.*—The failure to verify a bill is an amendable defect where the action is for an accounting and the discovery sought is the only ground of equitable jurisdiction.

APPEAL from Lowndes Chancery Court.

Heard before Hon. L. D. GARDNER.

Bill by Elizabeth McKellar, as administratrix, etc., against A. B. Hall. Decree for complainant, and respondent appeals. Affirmed.

STEINER, CRUM & WEIL, for appellant. The rule, as we understand it, is that a bill in equity cannot be maintained for an accounting solely or mainly, where the account to be examined exist "on one side only," nor in any case unless the matters are so greatly complicated as to render the remedy at law inadequate, and no general allegation that the account is complicated will suffice.—*Hulsey v. Walker County,* 40 So. 311; *Pollak v. Claflin,* 138 Ala. 644; *Tecumseh I. Co. v. Camp,* 93 Ala. 572; *Oden v. Lockwood,* 136 Ala. 514; *Johnson v. Loan Association,* 125 Ala. 465; *State, etc .v. Bradshaw, etc.* 60 Ala. 239.

W. P. McGAUGH, and H. S. HOUGHTON, for appellee. Where discovery sought is merely incidental to the bill, the bill need not be verified.—*Montgomery I. Wks. v.*

*Capital City Ins. Co.,* 137 Ala. 134; *Lasseter v. Thorn Shoe Co.,* 123 Ala. 360. The allegations of the bill as a bill for accounting were sufficient to prevent its dismissal on motion.—*Pollock v. H. P. Claflin & Co.,* 138 Ala. 644; *Knotts v. Tarver,* 8 Ala. 743; *Avery v. Ware,* 58 Ala. 475; *Kirkman v. VanLier,* 7 Ala. 217; 1 Ency. P. & P. 96; *Blackburn v. Fitzgerald,* 130 Ala. 584.

SIMPSON, J.—This appeal is from a decree overruling a motion to dismiss for want of equity. All amendable defects being considered as amended, the bill shows that the respondent (appellant) occupied a fiduciary relation to complainant's mother, the intestate, being her agent, managing her estate, consisting of several plantations, for several years, and at the time of her death taking possession of a large portion of her personal property, and that complainant has no means of ascertaining how the accounts of said agency stand, or what personal property has gone into the hands of the respondent, and has made frequent demands for a statement of said accounts and the delivery up of the property in his hands. The bill propounds a number of interrogatories and prays for discovery and an accounting.

In order to give the court jurisdiction, it is only necessary to show either a fiduciary relation between the parties or complication, or that a discovery is necessary.—*Pollak v. Claflin Co.,* 138 Ala. 644, 648, 35 South. 645; *Halsted v. Rabb,* 8 Port. 63; *Kirkman v. Vanlier,* 7 Ala. 217, 224; *Avery v. Ware,* 58 Ala. 475; 1 Ency. Pl. & Pr. 96; 4 Pomeroy, Eq. Jur. (3d Ed.) § 1421, and note 3; 6 Pomeroy, Eq Jur. (2 Eq. Rem.) §§ 931, 932. In the citations just made it is stated that "the mere relation of principal and agent, without more—the relation not being really fiduciary in its nature, and no

obstacle intervening to a recovery at law—is insufficient to enable a principal to maintain the action against his agent." Our own cases are referred to—notably, *Knotts v. Tarver*, 8 Ala. 743, which was a case in which the agency involved one single item, to wit: The agent had purchased a tract of land for the principal, and collected from him $500 more than he had paid for it. . The court very properly said: "There is no matter of account between these parties." Page 745. It was simply a liability for the known sum of $500. Also the case of *Crothers, Adm'r. v. Lee et al.* 29 Ala. 337, which was a case against an attorney for money collected by him, where the court say: "The account consists of a single item on one side, to which the defendant may have offsets or credits." This, too, was a simple matter, about which there was no account to be rendered.

But in the case now under consideration the agent certainly did occupy a fiduciary relation, having for several years had charge of a business which necessarily involved a number of transactions, and "a duty rests upon the defendant to render an account." He alone has within his breast the items which go to make up an account. Consequently the agency is such that calls for the interposition of a court of equity. The accounting by the agent is sufficient to give the court jurisdiction, and if the discovery is merely incidental it is not necessary that the bill be verified.—*Montgomery Iron Works v. Capital City Ins. Co.*, 137 Ala. 134, 146, 34 South. 210; *Plaster v. Thorne-Franklin Shoe Co.* 123 Ala. 360, 365, 26 South. 225. Even if discovery be the only ground of equitable jurisdiction, the failure to verify the bill is an amendable defect.

The decree of the chancellor is affirmed.

TYSON, C. J., and HARALSON and DENSON, JJ., concur.