(78 South. 913)

RASCH v. PETERS. (8 Div. 66.)

(Supreme Court of Alabama. April 4, 1918.)

EXECUTORS AND ADMINISTRATORS ⚬=43—ASSETS—MONEY HELD BY AGENT FOR USE OF DECEASED.

Where the widow of a testator, having a life estate in his homestead, sold the personal property belonging thereto and delivered the proceeds to her confidential agent, to hold for the estate of her deceased son, to whom testator had left the remainder interest in the homestead, and the agent also retained for her son's estate, at her instructions, a portion of the rent from the homestead not used by her for living expenses, on her death her agent was liable to account to the executrix of the estate of the deceased son for such moneys.

Appeal from Circuit Court, Lauderdale County; C. P. Almon, Judge.

Suit by Rosa Peters, as executrix, against Frank Rasch. From a decree for complainant, respondent appeals. Affirmed.

The bill in this case was filed by Rosa Peters, as executrix of the estate of Martin Specker, deceased, against Frank Rasch, and alleges, in substance: That Martin Specker died in 1904, leaving a last will, which had been duly admitted to probate, and under the terms of which complainant was appointed executrix of the estate. That in 1901 Lorenzo Specker died leaving a last will, which was admitted to probate in the same year, a copy of which is attached to the bill as an exhibit. Sections 2 and 4 of said will are as follows:

"Second. I give to my wife, Catherine Specker, to have and to hold during the term of her natural life my homestead consisting of one hundred and sixty acres of land lying in the county of Lauderdale and state of Alabama, to wit, the northwest quarter of section 31, township 2, range 10 west, together with the appurtenances thereunto belonging, also all the live stock, grain, forage and everything belonging to the farm just as I leave it.

"Said tract of land is the same on which my dwelling house is situated and now used by myself and wife as our place of residence. I also give to my wife, Catherine Specker, all the furniture, pictures, ornaments and other household goods which may be in said homestead at the time of my death."

"Fourth. I give, devise and bequeath to my son Martin Specker, the reversion or remainder of my homestead consisting of one hundred and sixty acres it being the northwest quarter of section 31, township 2, range 10 west, situated in Lauderdale county, Alabama, and all profits, income, and advantages that may result therefrom, including stock, farming implements, etc., from and after the death of my wife, Catherine Specker, to have and to hold the same to him and the said Martin Specker his heirs and assigns from and after the decease of my said wife to his and their use and behoof forever. * * *"

It is further alleged: That, after the death of Lorenzo Specker, his widow, Catherine Specker, continued to operate the farm, consisting of the homestead, live stock, etc., as set out in paragraph two of the bill. That after paying the current expenses, and her own living expenses, she put the remainder into the farm property, until in the year 1906, when she decided to sell the remaining personal property belonging to the farm and rent the real estate. That in December, 1906, she had a sale of the live stock, farming utensils, and farm products belonging to the estate of Lorenzo Specker, and realized from the sale thereof the sum of $898.24. On the day of the sale she delivered the money to the respondent, Frank Rasch, directing him to place the same in the bank, and preserve it for the estate of Martin Specker, deceased. At the same time the said Catherine Specker turned over to the respondent the management of her business, including the renting of the homestead, together with the collecting of the rents, and constituted him as her agent. Respondent continued in possession and control of the money and lands from year to year, renting the lands and collecting the rents, and gave to the said Catherine Specker only a part of the rents, which she used for her personal living expenses; the remainder he retained, by her instructions, together with the other money she had turned over to him, to be preserved for the estate of Martin Specker at her death. That Catherine Specker died in January, 1916, and that, after her death, complainant made demand on respondent for the funds above referred to, which respondent had and held for the benefit of said estate. That at first respondent admitted he had funds belonging to said estate, but afterwards stated he did not know about turning over the same to her, and has failed and refused to make an accounting of the same to complainant. Paragraph 5 of the bill is as follows:

"Complainant is advised that she is entitled to the funds held by the defendant referred to above, and that she, as executrix of the estate of Martin Specker, deceased, has a right to demand an accounting and settlement of this fund by the defendant, and that she has a right to require him to pay over the remainder thereof to her as executrix of the estate of Martin Specker, deceased."

The prayer of the bill is that respondent be required to make a full and complete accounting of the funds intrusted to him by said Catherine Specker, which grew out of the sale of the personal property, and the renting and management of the real estate referred to, and, further, that a reference be held to ascertain the amount due. Interrogatories were then filed to the respondent, touching the matter of funds in his hands.

The bill was demurred to; the assignments of demurrer taking the point that all the live stock, grain, forage, etc., belonging to the farm, given to Catherine Specker under the second paragraph of the will of Lorenzo Specker, created in the said Catherine Specker an absolute title to said personal property, and that the estate of Martin Specker, deceased, had no reversionary interest in said property under the terms of the will. There is also an assignment of demurrer that the bill is without equity. A decree was entered overruling the demurrers, and from this decree the respondent prosecutes this appeal.

R. T. Simpson, of Florence, for appellant. Mitchell & Hughston, of Florence, for appellee.

GARDNER, J. The averments of the bill distinctly show that the respondent was by Catherine Specker created her confidential agent, intrusted with the management of her lands, which trust relation continued for a period of years. Respondent was also intrusted, by the said Catherine Specker, with certain funds derived from the sale of personal property formerly belonging to the estate of Lorenzo Specker, deceased, together with

certain portions of rents collected by him from year to year, with instructions to hold and preserve the same for the estate of Martin Specker, deceased. It further clearly appears from the bill that respondent has in his hands funds belonging to the estate of Martin Specker, deceased, intrusted to him by said Catherine Specker, the exact amount of which is a matter peculiarly within the knowledge of respondent, and that complainant, as executrix of the estate of Martin Specker, deceased, has demanded of the respondent an accounting, which has been refused. The respondent, therefore, under the averments of the bill, occupied a fiduciary relation, and had charge of a business necessarily involving a number of transactions for a period of years, and, as said in Hall v. McKeller, 155 Ala. 508, 46 South. 460, "a duty rests upon the defendant to render an account," and "the agency is such that calls for the interposition of a court of equity." There is therefore equity in the bill, and the assignment of demurrer taking that point was properly overruled. Hall v. McKeller, supra; Phillipps v. Birmingham Industrial Co., 161 Ala. 509, 50 South. 77, 135 Am. St. Rep. 156; Pom. Eq. Jur. vol. 4, § 1421; Pom. Eq. Jur. vol. 3, § 1058.

The remaining assignments of demurrer take the point that under paragraph 2 of the will of Lorenzo Specker, deceased, the personal property bequeathed to Catherine Specker was given to her absolutely, and that Martin Specker' did not obtain by virtue of said will any reversionary interest in said personalty. The argument of counsel for appellant is almost exclusively directed to these assignments of demurrer. We are of the opinion, however, that a consideration of the question presented by these assignments of demurrer is unnecessary under the averments of the bill; for if it be conceded, for the purposes of this appeal only, that Catherine Specker by virtue of paragraph 2 of the will was given the absolute title to the personal estate, yet clearly, if so, she had a right to give the personal property, or the proceeds thereof, to the estate of Martin Specker, deceased, and the bill distinctly alleges that the funds were delivered to the respondent for this express purpose by said Catherine Specker. It is therefore unnecessary to enter into a consideration of the construction of that part of the will here referred to, and forming the basis of the remaining assignments of demurrer.

It results that the decree appealed from will be here affirmed.

Affirmed.

ANDERSON, C. J., and McCLELLAN and SAYRE, JJ., concur.