(93 South. 458)

## TOLLESON v. HENSON. (4 Div. 961.)

(Supreme Court of Alabama. May 18, 1922.)

1. Account ☞1—When bill for accounting contains equity stated.

A bill for accounting contains equity, if the facts show mutual accounts between the parties, or if the averments disclose a fiduciary relation existing, or if the defendant is guilty of fraud or such wrong dealing as authorizes equity to take cognizance.

2. Contracts ☞62(1)—Deed conveying rights of redemption sufficient consideration to support grantee's contract to sell and pay balance to grantors.

Where the quitclaim deed executed by plaintiffs to defendant and the contract for its consideration was made within two years after foreclosure of mortgage given by plaintiff, the deed conveyed the rights of redemption of plaintiffs, and was sufficient consideration to support the contract that defendant would sell the property, pay debts against it, and pay the balance due to plaintiffs.

3. Limitation of actions ☞60(2)—Bill for money received not barred by limitations.

Where quitclaim deeds were executed by plaintiffs to defendant under an agreement of defendant to sell the land, pay the debts, and render the balance to plaintiffs, and the land was sold by defendant on December 31, 1918, a bill seeking a decree for money had and received, filed April 27, 1921, was not barred by Code 1907, §§ 4835, 4838.

4. Contracts ☞212(2)—Where no time fixed for performance, law presumes reasonable time.

When no time is fixed in a contract for performance, the law presumes the parties intended it must be done within a reasonable time.

5. Frauds, statute of ☞152(1)—Statute must be specially pleaded.

The statute must be especially pleaded, and cannot be raised by demurrer.

Appeal from Circuit Court, Houston County; H. A. Pearce, Judge.

Bill by Nora V. Henson against O. O. Tolleson for accounting. From a decree overruling demurrers to the bill, defendant appeals. Affirmed.

Farmer, Merrill & Farmer, of Dothan, for appellant.

The agreement recited in the bill was not shown to be in writing and was void under the statute of frauds. 204 Ala. 636, 87 South. 105. Complainant had an adequate remedy at law. 197 Ala. 652, 73 South. 327.

O. S. Lewis, of Dothan, for appellee.

A bill is not demurrable for failure to show that a contract was is writing; plea or answer must raise point. 115 Ala. 510, 22

---

☞For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

South. 128; 89 Ala. 262, 7 South. 115; 54 Ala. 122; 65 Ala. 309; 110 Ala. 132, 20 South. 123.

MILLER, J. This is a bill filed by Nora V. Henson, individually and as administratrix of the estate of George L. Armstrong, deceased, against O. O. Tolleson for an accounting to purge part of the debt of usury, and for decree for balance due complainants by defendant. The defendant demurred to the bill as amended; it was overruled by the court; and the defendant appeals, and this decree is assigned as error.

George L. Armstrong died on March 14, 1919. Nora V. Henson was his widow. Armstrong and his wife executed four mortgages on 400 acres of land described in the bill as amended. One was dated May 25, 1911, given to G. M. Forman to secure $3,869.58; one was executed on the same day to G. M. Forman to secure $425.15; on February 3, 1915, they executed a third mortgage on the land to the defendant O. O. Tolleson to secure a debt of $2,800; and on July 30, 1915, they executed the fourth mortgage on the land to the defendant O. O. Tolleson, to secure a debt of $3,379, but this last mortgage debt included the third mortgage debt. The total debt secured by the third and fourth mortgages was $3,379. The bill avers that defendant exacted and complainants agreed to pay 10 per cent. interest per annum on this $3,379 to defendant. This debt bore a usurious rate of interest.

The second mortgage, securing $425.15, was, after maturity, on February 21, 1916, foreclosed by F. M. Gaines, who claimed to be transferee of it from G. M. Forman, and at the sale the defendant became the purchaser of the land for $450, subject to the first mortgage of $3,869.58. A foreclosure deed to the land was made by F. M. Gaines to the defendant. The defendant was then the owner of all the mortgage liens and debts on the land, except the first mortgage, securing $3,869.15, which was owned by George M. Forman. The bill as amended also avers the defendant—

"O. O. Tolleson endeavored to persuade the said G. L. Armstrong and your complainant to execute to him a quitclaim deed conveying the property described in paragraph 2 of this bill for a balance he claimed to be due by said G. L. Armstrong to him, but complainant avers that the said G. L. Armstrong and she refused to execute such a deed. Complainant further shows unto the court that in the month of February, 1917, O. O. Tolleson came to Blountstown, Fla., and represented to the said G. L. Armstrong and your complainant that, if we would execute to him a quitclaim deed conveying the property described in paragraph 2 of this bill, so as to enable him to sell the same, that he would sell said property, and after paying the mortgage to George M. Forman, and deducting the amount due him by the said G. L. Armstrong, under the mortgage described in paragraph 3 of this bill, the balance he would pay to the said G. L. Armstrong and your complainant; and complainant avers that, relying upon the representation of the said O. O. Tolleson, said G. L. Armstrong and she did, on, to wit, the 17th day of February, 1917, execute a quitclaim deed, at a recited consideration of $1 and other valuable consideration, a copy of which deed is hereto attached, marked Exhibit E, incorporated in and made a part hereof."

The deed purports to convey, and the parties agreed to convey, the entire 400 acres to the defendant; but the deed described inadvertently and by mistake the land numbers of only 240 of the 400 acres. The bill also avers the defendant sold 360 acres of the land to A. J. Brackin for $10,000, and executed a deed to him, and the defendant sold 40 acres, the balance of the land, to Travis Mixon, for which he received $1,000, and executed a deed to him. The complainants aver on an accounting defendant is justly indebted to them in a large sum of $3,500, or more, after all claims of defendant have been paid, and after paying the G. M. Forman mortgage out of the $11,000 received from the proceeds of the sale of the 400 acres of land. The defendant refuses to account to complainants from the sale of the land, and refuses to surrender the canceled mortgages executed to him, and defendant refuses to pay off and discharge the mortgage of complainants to George M. Forman. The bill seeks an accounting to ascertain the amount due on the mortgages, and that out of the $11,000 received by defendant from the sale of the 400 acres of land the mortgage debt of the Forman mortgage be paid, and then any sum that is or may be due defendant, and the balance to be turned over to complainants. The defendant was, at the time of the execution of the quitclaim deed to him by the complainants, a brother-in-law of George L. Armstrong, deceased.

The averments of the bill show the accounts between the parties are mutual. The complainants claim $10.000 and $1,000 due them by defendant for the sale of the lands, and they admit they owe defendant and the four mortgage debts should be ascertained, one of them purged of usury, if it exists, and the total amount be deducted from the $11,000. The bill also discloses facts showing that a fiduciary relation exists between the parties. The complainants conveyed by deed their equity and statutory rights of redemption in the land to the defendant, and trusted him under contract to sell and convey the land, to pay the mortgage debts on the land from the proceeds, and to deliver the surplus to them.

[1] A bill for an accounting contains equity, if the facts alleged show mutual accounts between the parties, or if the averments disclose a fiduciary relation exists between the parties, or if the facts show the defendant is guilty of fraud or such wrong

dealing as authorizes a court of equity to take cognizance. Julian v. Woolbert, 202 Ala. 530, headnote 2, 81 South. 32.

"A fiduciary relation exists in all cases where there has been a special confidence reposed in one who in equity and good conscience is bound to act in good faith and with due regard to the interests of the one reposing the confidence." 25 Corpus Juris, p. 1119, § 9, headnote 41.

[2] The quitclaim deed was executed by the complainants to the defendant on the ——— day of February, 1917. The second mortgage was foreclosed on the 21st day of February, 1916. The deed was executed, and the contract for its consideration was made, within two years after the foreclosure. This deed conveyed the equity and statutory rights of redemption held by complainants in the land to the defendant. This was sufficient consideration to support the contract averred in the complaint between the parties for the execution of the quitclaim deed. Christie v. Durden, 205 Ala. 571, 88 South. 667.

[3] The quitclaim deed was executed on ——— day of February, 1917. The sale of the 360 acres of land to Brackin by deed of defendant was on the 31st day of December, 1918, for $10,000; and the sale of 40 acres of the land to Mixon by deed of defendant was on February 25, 1918, for $1,000. This bill is seeking decree for money had and received— money which in equity and good conscience belongs to the complainants under the averments of the bill. Such an action in a court of law would not be barred under six years, if on a stated account, or under three years, if on an open or unliquidated account. Sections 4835 and 4838. This bill was filed April 27, 1921, within even less than three years after the sale of December 31, 1918, and the cause is not barred by statute.

[4] When no time is fixed in the contract for performance, the law presumes the parties intended it must be done within a reasonable time. Cotton v. Cotton, 75 Ala. 345; Erswell v. Ford, 205 Ala. 494, 88 South. 429. This contract fixed no time within which the land must be sold by the defendant. It was sold by him, under the facts and circumstances averred in the bill, within a reasonable time after the agreement authorizing him to sell, and after the execution of the written quitclaim deed giving him power to convey the land to the purchaser, and the complainants by the bill do not try to avoid the contract, but ratify the sale and seek to recover the surplus after paying all the mortgage debts.

[5] It does not appear affirmatively from the averments that the contract is in contravention of the statute of frauds; hence, as it is, the statute must be specially pleaded, and cannot be raised by demurrer.

Strouse v. Elting, 110 Ala. 132, 20 South. 123. The bill is not demurrable for failing to show the contract was in writing. If this is necessary in this cause, it should be raised by plea or answer, and not by demurrer. Dargin v. Hewlitt, 115 Ala. 510, headnote 6, 22 South. 128; Dexter v. Ohlander, 89 Ala. 262, 7 South. 115; Burkham v. Nastin, 54 Ala. 122; Ritch v. Thornton, 65 Ala. 309; Lagerfelt v. McKie, 100 Ala. 430, 14 South. 281.

There is equity in the bill as amended, the court did not err in overruling the grounds of demurrer assigned to it, and the decree overruling the demurrers is affirmed.

Affirmed.

ANDERSON, C. J., and SAYRE and GARDNER, JJ., concur.