(109 So. 108)

## COX v. BATES et al.    (8 Div. 796.)

(Supreme Court of Alabama.   June 10, 1926.)

Account ⊚⇒17(1)—Bill by contractor, who was also assignee of partner of subcontractor for accounting and settlement with subcontractor, and for determination of claims of subcontractor's creditors, who garnished complainant, held good as against demurrer.

Bill alleging that particular firm and an individual had contracted with complainant to construct a highway, that complainant, after furnishing materials and money in excess of compensation due the contractors, bought the interest of the individual contractor in the project, and later, on default of firm contractor, completed work, and further alleging that creditors of firm contractor had instituted several suits against it and complainant as garnishee, and praying an accounting between complainant as assignee of individual contractor and firm contractor, and a determination of conflicting claims to any money which complainant might be found to owe the firm contractor, *held* good as against demurrer.

Appeal from Circuit Court, Marshall County; W. W. Haralson, Judge.

Bill in equity by Charles B. Cox against J. W. Bates and others. From a decree sustaining a demurrer to the bill, complainant appeals. Reversed and remanded.

The bill alleges that complainant contracted with W. W. Carpenter & Son and L. P. Mason to construct a certain highway project. A part of the work had been performed when Mason sold and conveyed all his interest in the project to complainant and withdrew. In the transaction complainant assumed all obligations or debts of said Mason incurred in connection with the project. For a time thereafter W. W. Carpenter & Son continued to carry on their work as subcontractors, when they abandoned their work under said contract, left the country, and refused and failed from then on to perform any further work under the contract. Complainant made advances of materials and money to Mason and Carpenter & Son in excess of the compensation they were to re-

ceive for said work, and they were greatly indebted to complainant. When Carpenter & Son abandoned the work complainant was compelled to complete the same, and shortly after the abandonment of said Carpenter & Son the parties defendant named separately brought suit against Carpenter & Son, as defendants and complainant as garnishee, which said suits are pending in both divisions of the circuit court and in a justice court of Marshall county. Complainant was served with the several writs or garnishment, and answered same denying indebtedness, but defendants are claiming and demanding judgment against complainant in each case, and insisting upon litigating the question of complainant's indebtedness to Carpenter & Son. Each of the defendants is claiming that he has a superior or prior right to all the other plaintiffs as against Carpenter & Son, and as against complainant as garnishee.

It is alleged that by reason of the purchase by complainant of the interest of Mason in said contract of Carpenter & Son and Mason with complainant, the rights and interests of these parties became so intermingled and interrelated that the rights of complainant as against Carpenter & Son by reason of the original contract, and his rights against Carpenter & Son by reason of his purchase of the interest of Mason in said contract, cannot be settled and adjusted except in a court of equity determining the rights of Mason as against said Carpenter & Son in said contract and work up to the time of the transfer by said Mason to complainant; that the rights of said Carpenter & Son cannot be determined other than by a court of equity; and that the rights as between the attaching creditors or alleged creditors of Carpenter & Son cannot be ascertained and determined until there is an adjustment of the interests and rights of Mason and complainant as his transferee, and of the rights of Carpenter & Son as a copartner or joint contractor with Mason. The prayer is for relief appropriate to these allegations.

J. A. Lusk, of Guntersville, for appellant.

The bill has equity as a bill of peace. 1 Pomeroy's Eq. 360, 361; 2 Story's Eq. 190, 191; Ætna Ins. Co. v. Hann, 196 Ala. 234, 72 So. 48; Hamilton v. Ala. Power Co., 195 Ala. 438, 70 So. 737; Middleton v. Howell, 127 Miss. 880, 90 So. 725.

Street, Bradford & Street, of Guntersville, for appellees.

The bill is without equity. Hamilton v. Ala. Power Co., 195 Ala. 438, 70 So. 737; Security Ass'n v. Weems, 69 Ala. 584; Guilford v. Reeves, 103 Ala. 301, 15 So. 661; Roanoke Guano Co. v. Saunders, 173 Ala. 359, 56 So. 198, 35 L. R. A. (N. S.) 491.

ANDERSON, C. J. Whether or not the bill of complaint comes within the rule as to community of interest as to parties and subject-matter, as laid down in the case of Hamilton v. Alabama Power Co., 195 Ala. 444, 70 So. 737, and cases there cited, and is sufficient as a bill of peace, strictly speaking, matters not, for the reason that it presents an independent equity. By it the complainant, as the assignee or successor of Mason, seeks an accounting and settlement of the partnership between said Mason and Carpenter; and the bill is also, in the alternative, in the nature of a bill of interpleader in the event it is determined that complainant is due any sum to said Carpenter, which said sum is claimed by numerous creditors of said Carpenter who have garnished the complainant and some of whom are claiming priority over the others. Baldwin v. Constantine, 214 Ala. 446, 108 So. 345, and authorities there cited.

The bill was not subject to the respondents' demurrer, and the decree of the circuit court is reversed and the cause is remanded.

Reversed and remanded.

SOMERVILLE, THOMAS, and BOULDIN, JJ., concur.