(118 So. 806)

COMER et al. v. BIRMINGHAM NEWS CO. (6 Div. 192.)

Supreme Court of Alabama. Nov. 22, 1928.

London, Yancey & Brower, of Birmingham, Wm. B. & C. C. Inge, of Mobile, and Hill, Hill, Whiting, Thomas & Rives, of Montgomery, for appellants.

R. B. Evins, of Birmingham, for appellee.

ANDERSON, C. J. ▇▇ The only attempt of the pleader in the present bill to establish a case for an equitable accounting is upon the theory that, while the accounts are not mutual and are all on one side, they involve matter of great complication and difficulties' in the way of adequate relief at law. Mr. Pomeroy lays down the rule, which has often been approvingly quoted by this court, that a party is entitled to an equitable accounting notwithstanding the nonexistence of other grounds, "where the accounts are all on one side, but there are circumstances of great complication, or difficulties in the way of adequate relief at law." Our court, in dealing with cases of this character, has laid down the rule that a bill in equity for an accounting, where the account to be examined is on one side only, and no necessity for a discovery is shown, and no discovery is prayed for, cannot be maintained, unless there is so great a complication in the matter of accounts as to render the remedies at law inadequate; and, in such case, a mere general allegation that the account is complicated, without showing in what respect, is insufficient. Pollak v. H. B. Claflin Co., 138 Ala. 644, 35 So. 645; Beggs v. Edison Electric Co., 96 Ala. 295, 11 So. 381, 38 Am. St. Rep. 94. The bill in the case at bar does not rely upon a mere general averment of complication, but sets up the matter or facts rendering the account complicated. The bill charges:

"Complainant further avers that among the accounts payable, are several thousand accounts for prepaid subscriptions to the newspaper published by the corporation whose stock was the subject of said contract, that is, that several thousand, to-wit, seven thousand persons, firms or corporations had subscribed for said newspaper for various periods of time extending beyond February 28, 1927, and had paid in advance for the full term of said subscription, and that said corporation owed said persons, respectively, the return of their money paid on such subscription for the unexpired balance of the term for which they had respectively subscribed, or the delivery of said newspaper for such unexpired balance of such term, and that said prepaid subscriptions. * * *

"Complainant further avers that said prepaid subscriptions consist of, to-wit, seven thousand separate accounts, the balance on each of which it is necessary separately to determine, and that exclusive of said prepaid subscriptions there are, to-wit, six hundred separate accounts among said bills or accounts payable, the balance on each of which will have to be separately ascertained and calculated, and that many of said accounts are entitled to credits, involving a calculation as to the amount due after the application of credits, and the determination of whether certain claimed credits are due. It avers that the defendants deny liability in toto for many of said bills or accounts payable, exclusive of said prepaid subscriptions, and disagree with it as to the amount due on many others as to which they admit liability in some amount."

We think the bill shows such a complicated state of affairs in the account as to render it necessary and proper that it should be stated by a trained master, register, or accountant, rather than a common-law jury; that it can be more expediently and satisfactorily adjusted by a court of equity; and that, while the remedy at law may exist, it is not adequate or practical. Indeed, it strikes us that both sides should prefer an adjustment and statement by a trained accountant rather than the delay and difficulty that would arise in having the matter adjusted by the ordinary jury. We are aware of the fact that the border line is, in many cases, difficult of ascertainment, and the present case may be close, and not entirely free from doubt, but, as stated in one of Mr. Pomeroy's notes, the more modern English rule is:

"The facts of each particular case should govern and if it is doubtful whether adequate relief could be obtained at law, equity should entertain jurisdiction."

The bill avers that the respondents deny liability as for the prepaid subscriptions, and this question will no doubt hinge upon an interpretation of the contract, but counsel for neither side ask for a determination of this question on this appeal, and we have therefore accepted the averment of the bill and its claim as to these prepaid subscriptions only for the purpose of passing upon the equity of same, and must not be understood as concluding either side by a construction of the contract.

The trial court did not err in overruling the demurrer to the bill, and the decree of the circuit court is affirmed.

Affirmed.

SAYRE, THOMAS, and BROWN, JJ., concur.