139 So. 91

## ACUFF v. RICE.
### 6 Div. 50.

Supreme Court of Alabama.
Jan. 14, 1932.

Marvin Woodall, of Birmingham, for appellant.

Peyton D. Bibb, of Birmingham, for appellee.

may have been had at law. Averments calling for such additional relief are proper and may be essential to good pleading.

The bill before us conforms to the principles above announced, and is good against demurrer. Hall v. McKeller, 155 Ala. 508, 46 So. 460; Julian v. Woolbert, 202 Ala. 530, 81 So. 32; First Nat. Bank v. Bradley, 134 So. 621; Farmers Nat. Bank v. McKinnon, 223 Ala. 698, 134 So. 919, 21 C. J. 116, § 93.

The court below erred in sustaining the demurrer. The decree is reversed, and one here rendered overruling the demurrer.

Reversed and remanded.

ANDERSON, C. J., and GARDNER and FOSTER, JJ., concur.

■ Under an arrangement whereby attorneys at law are associated together in rendering legal services in winding up the affairs of an insolvent bank, including collections on outstanding loans, whereby they are to share in the fees collected in agreed proportions, a fiduciary or trust relation exists as to fees collected in which both are entitled to share. In such case there is a duty on the part of each to disclose to the other and account to him for his share of fees collected.

■ A bill disclosing such contractual relation followed by divers services rendered by complainant thereunder for many months, for which numerous fees had accrued and been collected by respondent, who had failed and declined to account to complainant for his share thereof, thereby becoming largely indebted to complainant, that the several amounts were known to respondent only, and that a discovery is necessary, presents a good case for accounting in equity.

■ Fiduciary or trust relations giving rise to an active duty to disclose and account is a basic element in such cases. No case for accounting or discovery as a sole basis of equity jurisdiction need appear. These need appear only so far as to show the occasion for an accounting in view of the trust relationship.

■ The bill here discloses that a part of the demand alleged to be due is complainant's stipulated share in a monthly retainer received by respondent.

This claim does not render the bill demurrable as a whole; nor is it demurrable as to that feature of the bill. That complainant may have an adequate remedy at law to recover this special claim is of no consequence.

■ Equity jurisdiction being invoked upon other adequate grounds, the court will proceed to grant full relief, including such as