146 So. 822

**INGRAM et al. v. PEOPLE'S FINANCE & THRIFT CO. OF ALABAMA.**

**6 Div. 197.**

Supreme Court of Alabama.

March 16, 1933.

Huey, Welch & Stone, of Bessemer, for appellants.

318

Fitts & Fitts, of Birmingham, for appellee.

THOMAS, Justice.

This appeal was from a judgment overruling demurrers to a bill for discovery and accounting between principal and the managers of a branch agency.

The general rules of discovery and accounting were given statement in Julian v. Woolbert, 202 Ala. 530, 81 So. 32; Grand Bay Land Co. v. Simpson, 205 Ala. 347, 87 So. 186; Phillips v. Sipsey Coal Mining Co., 218 Ala. 296, 305, 306, 118 So. 513; Cleveland Storage Co. v. Guardian Trust Co., 222 Ala. 210, 131 So. 634; Id., 223 Ala. 363, 136 So. 731; Farmers' National Bank of Geneva v. McKinnon, 223 Ala. 698, 134 So. 919; Acuff v. Rice, 224 Ala. 54, 139 So. 91; Moore v. Berryman, 224 Ala. 555, 141 So. 192. That is to say, the effect of the decisions is that a bill for accounting states a case of equitable relief on facts showing a complicated nature of the account, or necessity for discovery of matters peculiarly within the knowledge of respondent, or fiduciary or trust relationship, or species of fraud or such wrong dealing as would authorize a court of equity to take cognizance thereof. Julian v. Woolbert, supra; Comer v. Birmingham News Company, 218 Ala. 360, 118 So. 806; Tolleson v. Henson, 207 Ala. 529, 93 So. 458; Hall v. McKeller, 155 Ala. 508, 46 So. 460; First Nat. Bank of La Pine v. Bradley, 223 Ala. 22, 134 So. 621. Equity should entertain jurisdiction in accounting, if the facts create a doubt as to whether adequate relief might be obtained at law. Comer v. Birmingham News Company, supra; Chrichton v. Hayles, 176 Ala. 223, 57 So. 696; 4 Pom. Eq. Jur. (2d Ed.) § 1421; 1 C. J. p. 613; 5 Pom. Eq. Jur. (2d Ed.) § 2357; 25 C. J. p. 1119, § 9.

A principal who has intrusted the general management of his business to an agent may obtain an accounting from such agent by means of a bill in equity. Halsted v. Rabb, 8 Port. 63; Hall v. McKeller, supra; Elledge v. Hotchkiss, 222 Ala. 129, 130 So. 893; First Nat. Bank of La Pine v. Bradley, supra; Farmers' National Bank of Geneva v. McKinnon, supra; Phillipps v. Birmingham Industrial Co., 161 Ala. 509, 50 So. 77, 135 Am. St. Rep. 156. Suits by principals, joint adventurers, and agents held of equitable cognizance; so of fiduciary and trust relations and the necessity for an accounting, dealt with in Acuff v. Rice, 224 Ala. 54, 139 So. 91; Tolleson v. Henson, 207 Ala. 529, 93 So. 458; Donovan v. Haynie, Adm'r, 67 Ala. 51; A. D.

Smith & Sons, Inc., v. Securities Co. of America, 198 Ala. 493, 73 So. 892; Wilkes v. Teague, 224 Ala. 283, 140 So. 347; 5 Pom. Eq. Jur. (2d Ed.) §§ 2358, 2359.

■ The facts averred are definite and sufficient to inform the respondents of the nature and matters as to which they are called upon to defend. Boriss Const. Co. v. Deasey, 212 Ala. 528, 103 So. 470; Cox v. Bates, 215 Ala. 5, 109 So. 108; Acuff v. Rice, 224 Ala. 54, 139 So. 91; Camper v. Rice, 201 Ala. 579, 78 So. 923; Wood v. Barnett, 208 Ala. 295, 94 So. 338.

It is averred in the instant bill that the principal complaint against the respondents is that, during the period and conduct of complainant's branch business and the respondents' agency therein, they continually gave credit to borrowers without accounting to complainant, and that they accounted to complainant without giving credit to borrowers. Thus it is apparent that complainant was in no position to state which accounts were incorrect. The bill and test applied in Wynn, Administrator, v. Tallapoosa County Bank, 168 Ala. 469, 53 So. 228, is not the test to be applied here. That bill was against the administrator of the deceased cashier, embraced a period of seven years, and brought under consideration all the bank's transactions for that time. So also the instant case is not ruled by Moseley v. Ritter, 224 Ala. 58, 139 So. 94, 96, holding that it was not made clear in the bill how or in what manner defendants, "as attorneys for complainant," had "breached faith with her or violated any duty owing to her," as attorneys foreclosing her mortgage, merely holding the title for her and insisting upon reasonable attorneys' fees.

■ It is true that, where an accounting is sought and no discovery is required, or from the nature of the case could not be had, and the required and necessary information is with or available to complainant, the latter must allege the facts upon which the accounting is sought. We have indicated the distinction here and by the Wynn Case, supra.

■ The case of Farmer v. Brooks, 213 Ala. 137, 104 So. 322, 323, is distinguishable from this bill averring how respondents failed to make true daily cash reports as required by the principal of its agents, and that the latter further failed to keep the required individual card records, which facts were more than mere conclusions of the pleader. In the Farmer Case, the bill was filed to enforce common-law liability of directors as trustees, for the negligent conduct of the corporation's business, and the averment there was that the defendants "caused or permitted the loss or wastage." So also the case of Crowson v. Cody, 207 Ala. 476, 93 So. 420, was for settlement of accounts in an effort to reopen former settlement for fraud or imposition.

These cases are different from the case at bar.

■ The bill sufficiently avers that the excuse for the delay in resorting to litigation was due to the bona fide effort for a settlement between the parties without resorting to court procedure. In this event, each case must stand upon its own facts. Thompson v. Marshall, 36 Ala. 504, 76 Am. Dec. 328; 21 C. J. 243, § 239. As to this it is averred that the agency was created in 1926; it existed and functioned until February 14, 1928, when it was terminated by agreement of the parties, and, until an audit was made, complainant alleged its lack of knowledge of the shortages and discrepancies for which these agents were chargeable; adjustment and settlement were undertaken between the parties, that continued from the 8th of March, 1929, to the filing of the bill. It is further averred "that during said period of time the respondents never denied that there was a balance due from them to the complainant, and never denied their legal duty to account to the complainant. Complainant alleges that by the conduct and attitude of the respondents in the premises it was led to believe that an amicable settlement or adjustment could be reached, and that such belief on the part of the complainant was justified and is the reason for the delay in filing this bill of complaint."

The laches urged is not shown on the face of the bill, and therefore is not available by demurrers. Wood v. Master Schools, 221 Ala. 645, 130 So. 178; Hinton v. Gilbert, 221 Ala. 309, 128 So. 604, 70 A. L. R. 1192; Lewis v. Belk, 219 Ala. 343, 122 So. 413; Gayle v. Pennington, 185 Ala. 53, 64 So. 572.

■ Having rightfully taken jurisdiction, a court of equity will retain that cause and jurisdiction to a decree of such nature of relief as the parties are due in the premises, whether legal or equitable. First Nat. Bank of La Pine v. Bradley, 223 Ala. 22, 134 So. 621, and authorities; Smith v. Rhodes, 206 Ala. 460, 90 So. 349; Burdett v. Rossiter, 220 Ala. 631, 127 So. 202; Sloss-Sheffield S. & I. Co. v. Lollar, 170 Ala. 239, 54 So. 272; Nixon v. Clear Creek Lumber Co., 150 Ala. 602, 43 So. 805, 9 L. R. A. (N. S.) 1255; Houston v. Faul, 86 Ala. 232, 5 So. 433; Reese v. Kirk, 29 Ala. 406; 21 C. J. pp. 134, 142.

The bill before us, based upon the existence of fiduciary relations and complications of money transactions by the defendants, as agents of the complainant in the conduct of its branch business, conforms to the principles here announced, and is good against demurrer. Phillipps v. Birmingham Industrial Co., 161 Ala. 509, 50 So. 77, 135 Am. St. Rep. 156; Halsted v. Rabb, 8 Port. 63; Hall v. McKeller, 155 Ala. 508, 46 So. 460; Chrichton v. Hayles, 176 Ala. 223, 57 So. 696; Julian v. Woolbert, 202 Ala. 530, 81 So. 32; Comer

320

v. Birmingham News Co., 218 Ala. 360, 118 So. 806; 5 Pom. Eq. Jur. (2d Ed.) § 2357.

The judgment of the circuit court is therefore affirmed.

Affirmed.

ANDERSON, C. J., and BROWN and KNIGHT, JJ., concur.