148 So. 402

### CITY OF MOBILE v. McCOWN OIL CO.

I Div. 760.

Supreme Court of Alabama.
May 25, 1933.

690

Armbrecht, Hand & Twitty, of Mobile, for appellant.

Lyons, Chamberlain & Courtney, of Mobile, for appellee.

KNIGHT, Justice.

Bill by the city of Mobile against the McCown Oil Company. The purpose of the bill was to secure an accounting and discovery as to the amount of money due by the respondent to the city under certain city ordinances, imposing license taxes for the privilege of engaging in the business of selling gasoline at wholesale and retail in the city of Mobile, and within its police jurisdiction. The bill also prays for injunction against further sales by respondent until it has paid the city all amounts due for license taxes, and to fasten a lien upon the real and personal property of the respondent used in its said business to satisfy any judgment or decree that might be rendered in the cause, for and on account of such license taxes.

The bill avers that the city had duly adopted ordinances levying or imposing certain license taxes for the privilege of engaging in the business of selling gasoline at wholesale and retail in the city of Mobile and within its police jurisdiction, and that these ordinances were in force and effect during the period of time it contends that the respondent was in default in the payment of privilege taxes due the city. For the privilege of "doing business or trading within the corporate limits of the city of Mobile as and/or within said limits carrying on the business or trade of jobbers of gasoline and/or any substitute therefor and/or of naphtha and/or other motor fuels commonly used in internal combustion engines" the license is fixed at a sum equal to $1\frac{1}{2}$ per cent. of the gross jobbing sales of such gasoline and substitutes therefor, provided, however, that the minimum license required to be paid by any such jobber shall be and is fixed at $500. The term "gross jobbing sales," as used in the ordinance, is defined to mean "sales made by such person, firm, association or corporation as a middleman or jobber."

For such sales made without the corporate limits of the city, but within its police jurisdiction, a license tax equal to three-fourths of 1 per cent. of the gross jobbers' sales of such gasoline and substitute is imposed, with minimum license tax of $250.

By another ordinance, a monthly license tax upon retailers of gasoline and substitutes therefor, within the corporate limits of the city of Mobile is levied. The amount of this tax is fixed "in a sum equal to one cent per gallon for each and every gallon of gasoline sold in the city of Mobile during the preceding month by such person to a consumer or consumers of gasoline."

By still another ordinance, a monthly license tax is levied upon retailers of gasoline and substitutes therefor, without the corporate limits of the city, but within its police jurisdiction. The license tax fixed in such cases being fixed in a sum of one-half of 1 per cent per gallon for each gallon sold.

The bill also avers that the respondent has during the years 1928, 1929, 1930, and 1931 engaged in the several businesses covered by said ordinances, and for which the several and respective license taxes were imposed, and required to be paid, and that the respondent has not paid in full the licenses referred to in said ordinances, either as jobbers or as retailers, and that respondent owes to the complainant a large sum of money for engaging in said business described in said ordinances.

Complainant further avers that its duly authorized agents have made repeated efforts to examine the books of respondent in order to determine the exact amount of money due from the respondent to the complainant for the licenses referred to, but that the respondent has refused to furnish said books to said agents and has refused to allow the said agents to have access thereto, and has refused on demand to pay the said licenses.

The prayer of the bill appears in the report of the case.

It is noted that the averments as to doing business within and without the city, but within the police jurisdiction thereof, and as to the respondent's being indebted to the complainant for and on account of such license taxes, and also as to the refusal of the respondent to permit an inspection of its business by the agents of the city are made upon information and belief.

The respondent filed a number of grounds of demurrer to the bill, all, however, are directed to the bill as a whole.

Upon submission upon the demurrer, the court sustained the demurrers, and from that interlocutory decree the appeal is prosecuted by the city of Mobile.

■ While the bill is one for an accounting, yet it also seeks discovery, and its equity must be determined by those rules which govern in cases where discovery, as well as an accounting, is sought.

In the case of Beggs v. Edison Electric Illuminating Co., 96 Ala. 297, 11 So. 381, 382, 38 Am. St. Rep. 94, Chief Justice Stone, in writing for the court, observed: "Courts of equity have, for a long time, exercised a general jurisdiction in cases of mutual accounts founded in privity upon the ground of the inadequacy of the remedy afforded by the common law; and this equitable interposition has been extended until equity will now entertain suits for accounts in matters which were formerly only cognizable at law. The ancient common-law action of account being so imperfect in its processes, and so inadequate in its remedies, jurisdiction in such matters was originally given to equity, for the reason that the common-law courts could not give any remedy at all, or the remedy was not as complete as that furnished by the chancery court. As courts of equity now entertain concurrent jurisdiction with the courts of law, in matters of accounts, a decision as to the proper tribunal must be governed by considerations of convenience and adequacy; and this is determined by the facts pertaining to each individual cause of action and the relief sought. * * *

"It is now the settled doctrine of equity jurisprudence that, when the accounts to be examined are on one side only, great complication ought to exist in the accounts *or a discovery should be required* in order to induce a court of chancery to exercise jurisdiction." (Italics supplied.)

In the case of Compton et al. v. Gilder, 176 Ala. 309, 58 So. 271, this court held that where the bill sets up facts which render an accounting at law complicated if not impossible, and where complainant seeks a discovery, it presented a proper case for the exercise of chancery jurisdiction.

In the case of Comer v. Birmingham News Co., 218 Ala. 360, 118 So. 806, 807, this court, while observing that a bill in equity for an accounting, where the account to be examined is on one side only, *and no necessity for a discovery is shown*, and no discovery is prayed for, cannot be maintained unless there is so great complication in matter of accounts as to render remedies at law inadequate. Nevertheless, in that case it held: "We think the bill shows such a complicated state of affairs in the account as to render it necessary and proper that it should be stated by a trained master, register, or accountant, rather than a common-law jury; that it can be more expediently and satisfactorily adjusted by a court of equity; and that, while the remedy at law may exist, it is not adequate or practical."

■ The rule of our decisions on the subject of accounting is thus stated in our recent case of Ingram et al. v. People's Finance & Thrift Co. of Ala., 146 So. 822, 823: "A bill for accounting states a case of equitable relief on facts showing a complicated nature of the account, *or necessity for discovery of matters peculiarly within* the knowledge of respondent, or fiduciary or trust relationship, or species of fraud or such wrong dealing as would authorize a court of equity to take cognizance thereof." Julian v. Woolbert, 202 Ala. 530, 81 So. 32; Birmingham News Company's Case, supra; Tolleson v. Henson, 207 Ala. 529, 93 So. 458; Hall v. McKeller, 155 Ala. 508, 46 So. 460; First Nat. Bank of LaPine v. Bradley, 223 Ala. 22, 134 So. 621; Grand Bay Land Co. v. Simpson, 205 Ala. 347, 87 So. 186; Cleveland Storage Co. v. Guard-

ian Trust Co., 222 Ala. 210, 131 So. 634; Id., 223 Ala. 363, 136 So. 731; Acuff v. Rice, 224 Ala. 54, 139 So. 91.

■ And it may be said that a court of equity will take jurisdiction in such cases, if the facts create a reasonable doubt as to whether adequate relief might be obtained at law. Comer v. Birmingham News Co., supra; Chrichton v. Hayles, 176 Ala. 223, 57 So. 696; Ingram v. People's Finance & Thrift Co., supra.

The bill makes it perfectly plain and clear that all the facts with reference to the amount of gasoline sold by the respondent as a wholesaler and retailer, within the corporate limits of the city of Mobile, as well as the amount sold as a wholesaler and retailer without the corporate limits of the city, but within the police jurisdiction, is wholly within the peculiar knowledge of the respondent; that without this information there is no legal way to calculate and fix the amount due by the respondent to the city; that the respondent has refused upon repeated request of the city to permit an inspection of its books by the agents of the city to ascertain the facts upon which to predicate a proper ascertainment of the amount of taxes due by the respondent to the city; and to that end a discovery is averred to be necessary, and is accordingly prayed for. Besides, the account will consist of numerous transactions, wholly impracticable, if not impossible, for proper determination by the jury.

■ We are, therefore, of the opinion, and at the conclusion, that the case presented is one of equitable cognizance, and the court erred in sustaining the respondent's demurrer that the bill was without equity.

Likewise we are of the opinion that there is no merit in the ground of demurrer presenting the question of multifariousness.

■ In the case of Webb et al. v. Butler et al., 192 Ala. 287, 68 So. 369, 372, Ann. Cas. 1916D, 815, it is said: "In testing a bill for multifariousness, the whole bill must be considered. Every case must be governed by its own peculiar facts. In determining the question, multiplicity of suits should be avoided. It is left in a measure to the sound discretion of the court. 6 Mayf. Dig. 318, § 114½; Sicard v. Guyllou et al., 147 Ala. 239, 41 So. 474."

■ The suit here is entirely between the city of Mobile and the one respondent. Its purpose is single, and its only object is to secure a judicial ascertainment of the amount due by the respondent to the city for license taxes in the conduct of respondent's business, and for incidental relief, connected with the main relief sought. We see no fault in the bill in this particular. Code, § 6526.

It is also urged, in one ground of demurrer, that complainant seeks a discovery of the respondent as to matters which might incriminate it. This respondent is a corporation organized and existing under the laws of the state of Alabama, having its principal place of business in the city of Mobile.

It should suffice to say that this is not a criminal prosecution, nor do we see just how any discovery sought in the bill could be made the basis of a criminal prosecution against the defendant within the meaning of section 6 of the Constitution of Alabama.

■ The violation of a municipal ordinance or regulation is not a crime or criminal offense against the state, but only against the municipal corporation enacting the ordinance or regulation.

■■ "Constitutional and statutory provisions, having reference to criminal prosecution by the State, are not applicable for violation of municipal ordinances, unless otherwise provided by statute or constitutional provision. Whether the offense of violating a municipal ordinance is classified as civil or criminal or quasi-criminal, the prosecution to enforce the penalty does not rise to the dignity of a criminal prosecution, in the sense in which that expression is commonly used." 43 Corpus Juris p. 446, § 608.

Our own decisions are in line with, and support the above rule. Mayor v. Allaire, 14 Ala. 400; McKinstry v. City of Tuscaloosa, 172 Ala. 344, 54 So. 629; State v. Town of Springville, 220 Ala. 286, 125 So. 387; Withers v. State ex rel. Posey, 36 Ala. 252; Casteel v. City of Decatur, 215 Ala. 4, 109 So. 571.

In the Withers' Case, supra, this court observed: "We do not think that the 10th and 29th sections of the bill of rights, (Const. of Ala. art. 1, §§ 10, 29), apply to proceedings before a mayor, for the violation of city ordinances. The 10th section declares, that 'in all criminal prosecutions, the accused has the right to be heard by himself and counsel.' The common-law definition of a crime, as given by Blackstone, is, an act committed or omitted in violation of a public law, (4 Blackst. Com. 3;) and the term 'criminal prosecutions,' as employed in the constitution, relates exclusively to prosecutions for violations of the public laws of the State. A city ordinance is not a public law of the State, but a local law of a particular corporation, made for its internal police and good government."

■ And this court in the case of Ex parte Pepper, 185 Ala. 284, 64 So. 112, gave its approval to the definition of a criminal prosecution announced in the case of Harger v. Thomas, 44 Pa. 128, 84 Am. Dec. 422, which is: "A criminal prosecution is also defined to be a prosecution in a court of justice, in the name of the government, against one or more individuals accused of a crime:' 1 Ch. Crim. Law. The issue is between the government

and the prisoner on a question of the guilt or innocence of the latter."

So, then, it cannot be held that the discovery sought in this case would tend to subject the respondent to a criminal prosecution. Authorities supra.

The foregoing observations will also serve to demonstrate that there is no merit in respondent's fifth ground of demurrer, viz.: "The complainant seeks a discovery of the respondent of matters which would subject this respondent to a penalty." The bill is not one to compel a discovery in aid of an action to recover a penalty or forfeiture, or of an action not purely of a civil nature.

The other grounds of demurrer, while addressed to the bill as a whole, go only to parts of the bill, and, therefore, under our uniform ruling, cannot be considered. Wood v. Estes, 224 Ala. 140, 139 So. 331; Oden v. King, 216 Ala. 504, 113 So. 609, 54 A. L. R. 1413.

It results from the foregoing, that the bill contains equity, and was not subject to the several grounds of demurrer directed to the bill as a whole, and that the court erred in sustaining the demurrer to the same.

A decree will be here entered overruling the demurrer.

Reversed and rendered and remanded.

ANDERSON, C. J., and THOMAS and BROWN, JJ., concur.