189 So. 67

## MILLER v. SMOOT.

### 6 Div. 444.

Supreme Court of Alabama.

May 18, 1939.

16

Randolph Hobbs, of Birmingham, for appellee.

, Horace C. Wilkinson, of Birmingham, for appellant.

### GARDNER, Justice.

Complainant's bill is for an accounting by the defendant as her trusted agent.

Defendant's letter to complainant, which is set out in the bill, acknowledges receipt of described securities (preferred stock), which he is to handle for complainant, sell and hypothecate, and reinvest as he sees fit, but with a condition that if loss follows, he will pay complainant the amount "realized therefrom, together with interest at the rate of eight per centum (8%) per annum from the date of sale." This agreement bears date of October 26, 1937, and it appears that on October 25th, defendant had rendered a statement of account showing sales and reinvestments.

But since that date, defendant has, though often requested to do so, failed to furnish any accounting or to deliver to her securities to which she is entitled, and that a reasonable length of time has elapsed for compliance with such requests.

The equity of the bill does not rest upon general principles governing accounting in equity (1 Corpus Juris 612), but upon the fact that a fiduciary relationship exists between the parties. 1 Corpus Juris 621.

Defendant holds these securities in trust for complainant, and from this relationship a duty arises upon his part to

render an accounting to complainant. Hall v. McKeller, 155 Ala. 508, 46 So. 460; Acuff v. Rice, 224 Ala. 54, 139 So. 91; Ingram v. People's Finance Co., 226 Ala. 317, 146 So. 822; Elledge v. Hotchkiss, 222 Ala. 129, 130 So. 893.

"Fiduciary or trust relations giving rise to an active duty to disclose and account is a basic element in such cases. No case for accounting or discovery as a sole basis of equity jurisdiction need appear. These need appear only so far as to show the occasion for an accounting in view of the trust relationship." Acuff v. Rice, supra. [224 Ala. 54, 139 So. 92.]

Defendant insists the bill is defective in failing to show what, if any, transactions have occurred since the accounting of October 25th. But defendant still has complainant's securities, and he it is who is given full authority to trade them in his own name, and knows best what has been done. It is his duty to render an account, and the matters occurring since the last account are not for complainant to know or allege.

" 'Accounting,' as an obligation and function of a trustee, has been said to have two meanings: (1) That of merely informing the cestui que trust of all things which he is entitled to know. (2) Actually responding to such liability as may be incurred by the fiduciary in the management of the trust." 65 Corpus Juris 878.

The letter of defendant to complainant (appearing in the report of the case) bears indication of a purpose that the agreement of the parties be thus reduced to writing, and that such agreement is so embraced in the letter. There is nothing in the bill with reference to any other or collateral agreement, and no assignment of demurrer specifically directed to any such objection. The expression in the letter "and will confirm the understanding between us at the time I accepted them," upon its face merely indicates that the understanding is thus placed in written form, which is further evidenced by the enumeration of the writer's obligation which immediately follows. So far as appears from the bill complainant had a right to demand the accounting, and it was not premature. 65 Corpus Juris 880.

The requirement that upon final decree of accounting defendant deliver to complainant the securities that belong to her, is but incidental and follows upon the theory that the court having acquired ju-

risdiction for an accounting will grant complete relief. The case of Elledge v. Hotchkiss, supra, is illustrative.

The decree overruling the demurrer is free from error, and accordingly will be here affirmed.

Affirmed.

ANDERSON, C. J., and BOULDIN and FOSTER, JJ., concur.