## DANIEL HOLLIDAY v. ANTOINE P. MARIONNEAUX.

Where in an action against the maker of a note, defendant pleaded that he was a minor at the period of its execution, and plaintiff proved that he was engaged in trade at the time, and that the note was executed in relation to such trade, but adduced no evidence of his having been previously emancipated, there should be a judgment of non-suit. *Per Curiam :* The execution of the note being admitted, and the plea of minority relied on, it was incumbent on the plaintiff to bring his case within the exception of art. 379 of the Civil Code, which provides that the *emancipated* minor, who is engaged in trade, is considered of the age of majority for all acts relative to such trade ; and the omission of the plaintiff to establish the facts essential to make out his case, must produce the same effect, whether such facts be set forth in his petition, or their proof be rendered necessary by the nature of the defence.

Replications being unknown to our practice, any facts which might be pleaded in reply to the defence, may be proved on the trial.

APPEAL from the District Court of Iberville, *Deblieux*, J.

*Edwards* and *J. M. Jones*, for the plaintiff.

*Labauve*, for the appellant, cited Civil Code, art. 379. 5 Mart. N. S., 651. 19 La. 384.

MORPHY, J. The defendant, sued as the drawer of a promissory note, pleaded, and, on the trial, showed, that he was a minor at the time of its execution. The plaintiff proved that the maker was engaged in trade when he signed the note, and that it was given in relation to such trade; but he adduced no evidence of his having been previously emancipated. The court below gave a judgment of non-suit. The plaintiff's counsel moved for a new trial, and, in support of his motion, made oath that the defendant had been lawfully married more than four months before he made the note sued on, and that he (the deponent) did not remember to have been informed, as counsel, of said marriage, before the trial of the case. This motion was overruled, and the defendant appealed. He contends that this was not a proper case for a non-suit; that the judgment of the lower court was not rendered in consequence of the plaintiff's failure to make out his case, but in consequence of the defence set up in the answer, and proved on the trial. We do not think that the judge erred. The execution of the note being admitted, and the plea of minority relied on by the defendant, it was incumbent upon the plaintiff to bring his case within the exception made by article 379 of the Civil Code, in relation to mercantile contracts entered into by minors. That article says: "The *emancipated* minor who is engaged in trade, is considered as being arrived at the age of majority for all the acts which have any relation to such trade." It was then necessary for the plaintiff, in order to sustain his action, to show not only that defendant was engaged in trade, but also that he had been emancipated when he signed the note. Replications not being known to the practice of our courts, any facts which might have been pleaded to defeat the defence set up in the answer, may be proved on the trial. The omission of the plaintiff to estab-

lish the facts essential to make out his case, must have the same effect, whether such facts be set forth in his petition, or whether their proof is rendered necessary by the defence set up by his adversary. Such an omission should not make him lose a right which he may have, and which the affidavit, made for a new trial, renders it probable that he has. The defendant cannot be injured by the non-suit he complains of. If, in point of fact, he was not emancipated at the time of the contract, he can never be bound. If he was an emancipated minor, the door is left open to the plaintiff to show it, and to obtain justice. The plea of minority set up by a minor nearly of age, who has been for some time doing business as a merchant, and thereby inducing the belief of his legal right to contract, is not entitled to be viewed with much favor ; and the creditor who has contracted with him should be allowed every means of proving that he is legally bound. 3 Mart., N. S., pp. 59, 62. 5 Ib., N. S., 651.

*Judgment affirmed.*