JOSEPH MAILLOT, Curator, *v.* JOSEPHINE WESLEY.

Parol evidence is admissible to prove the manual gift of movables.

As our laws does not permit either replication or rejoinder, all matters of defence set up in the answer, must therefore be considered as open to every objection of law and fact, as if such objections had been specially pleaded. So, where plaintiffs claim certain furniture as belonging to the succession, and defendant answers that the furniture was a donation to her from the deceased, it is competent for the plaintiff to prove that defendant was the concubine of the deceased, so as to reduce the donation if it exceeded one-tenth of the estate.

Code 1526.

APPEAL from the Second District Court of New Orleans, *Morgan*, J. *Race & Foster*, for plaintiff and appellant. *Egan & Dupuy*, for defendant.

VOORHIES, J. This is an action of revendication, in which the plaintiff claims certain household furniture as property belonging to the succession of the late *James C. Logan*.

The defendant, in her answer, avers that she acquired the furniture in question from the deceased, by donation *inter vivos*, accompanied by real delivery.

" The manual gift, that is, the giving of corporeal movable effects, accompanied by a real delivery, is not subject to any formality." C. C. 1526.

It is clear, therefore, that the Judge *a quo* did not err in overruling the plaintiff's objection to the introduction of parol evidence, to prove the manual gift of the defendant. But we think he erred in excluding evidence offered by the plaintiff to prove that the donor and donee lived together in open concubinage. As our law does not permit either a replication or rejoinder, all matters of defence set up in the answer, must therefore be considered as open to every objection of law and fact, as if such objections had been specially

MAILLOT
*v.*
WESLEY.

pleaded; thus the plaintiff may resort to the exceptions of nonage, cover-
ture, fraud, violence, and the like, without pleading them, because he is not
permitted to reply.   So in the present case, it was competent for the plaintiff
to show, that the defendant was the concubine of the donor, in order to ascer-
tain whether the donation of the furniture made to her, exceeded one-tenth
part of the whole value of the donor's estate; and if so, to reduce the same
according to law.

After a close examination of the case, we think the evidence is sufficient to
sustain the conclusion of the Judge *a quo* in his solution of the question, as to
the fact of the donation of the furniture to the defendant, accompanied by a
real delivery.   On this point, we consider the matter adjudged.

It is therefore ordered and decreed, that the judgment of the court below
be avoided and reversed; that the case be remanded for a new trial, touching
the issue, whether the donor and donee lived together in open concubinage, in
order that the rights of the parties litigant may be regulated in accordance
with the requirements of the law.   And it is further ordered, that the costs of
this appeal be paid by the defendant and appellee, and those of the court be-
low by the estate, except those arising hereafter, which are to abide the final
determination of the suit.