PROYOSTY, J.
Plaintiff sues for a balance alleged to be due for goods sold on a credit to defendant during the year 1902. Defendant pleaded the general denial; and then, by a supplemental answer, payment. Defendant testified that during the year 1902, he would at the end of each month give his wife money to pay the account of the month at plaintiff’s store, and that he knows the payments were made because he saw the receipts. His wife, who was permitted to testify in the quality of his agent, testified that during 1902 she had at the end of each month paid the account of the month.
Defendant objected to evidence as to any debt other than that of 1902, on the ground that the demand of the petition was restricted to goods sold in that year.
Plaintiff produced an account beginning: “Feby. 16, 1902. To Bal. $403.93” — and ending: “May 13, 1903. To Bal. $340.05.” This last was the amount sued for. In the interval between these dates entries appear on the debit side of the account every two or three days, and on the credit side at longer intervals. Plaintiff and his wife testified to the correctness of this account, she having been permitted to testify in the quality of agent of her husband. Plaintiff testified that for eight years defendant did business with him on open account, and that the item of “Feby. 16, 1902, $403.93,” represents the balance due at that date on the open account.
The testimony of the parties is not absolutely contradictory. Defendant and his wife are careful to limit their statements to the year 1902. Plaintiff and his wife embrace in their statements the entire time during which the account was running. They do not deny that periodical payments were made by defendants as testified to by him and his wife, but they say that these payments were made on account, and were simply credits on the running account. They testified that for every payment a receipt had been demanded and given, and that the receipt was invariably made to read as of a payment “on account.”
Later, in the course of the trial, defendant produced one of these receipts, and sure enough, it was found to read “on account.”
The district court gave judgment for defendant. We will quote in full that part of the decision giving the reasons for judgment, to wit:
“The plaintiff contends in argument that the payment allowed on the face of this account paid during the year 1902 should be imputed to the item of $403.93 with which the account commences on the ground that same is the oldest debt. The Civil Code, in the absence of stipulations to the contrary, authorizes the imputation of a payment to the oldest debt; but that is where the imputation was made to an older debt, and where there is allegation and proof of an older debt to which the latter payments were imputed. The plaintiff is a business man of integrity, and he has not testified that he imputed the payments made in 1902 to an older debt; on the contrary he offers in evidence the account on which he relies, drawn from his own ledger in which the payments made in 1902 are all credited and imputed to the account of goods sold during the year 1902.
“The item of $403.93 with which the account is commenced is evidently a balance elaimed_ for goods sold during the year 1901, and plaintiff is not suing for goods sold during that year, and makes no reference in his pleadings to the existence of any older debt than that claimed in the petition, and to which the payments made in 1902 had been imputed. The court cannot under the circumstances impute the payments made in 1902 to the item of $403.93, because to do so will be tantamount to allowing plaintiff to recover the item in question ($403.93)" although it is not claimed in the petition, nor proved by evidence to have ever existed.
“The law is well settled that an imputation is made at the time of the payment, and the same cannot be afterwards changed in the absence of allegations and proof of error, mistake, etc.
“The payments made during the year 1902, and allowed on the account offered in evidence, were imputed to the account for goods sold during the year 1902, else the payment would not have been entered in the account of 1902, but would have been instead entered in some older book, and to the payment of the older account to which they were imputed.”
*548 The reasons here stated were adopted by the Court of Appeal as its own for affirming the judgment. The case is now before this court on writ of review to the Court of Appeal.
It is true plaintiff does not say in so many words that he “imputed the payments made in 1902 to an older debt,” but he insists, and again and again testifies, that defendant’s account was a running account; and that all payments were made “on account.” He testified that all the receipts would show that fact, and we find that the isolated receipt produced subsequently by defendant confirms the statement. Under these circumstances, it is plain that the preponderance of the evidence lies with plaintiff, and that defendant has not established his plea of payment.
Plaintiff having limited his demand to a debt for merchandise sold in 19Q2 cannot recover for merchandise sold in 1901, or in 1903; but that does not stand in the way of his showing, as he has done, that the several payments which figure on the account produced by him were really partial payments on the running account, and as such imputed to the oldest item on that account (Civ. Code, art. 2166; Sleet v. Sleet, 109 La. 302, 33 South. 322); and that, though made in 1902, they were really in extinguishment of the debt created in 1901 or previous years.
The aggregate of these payments, $268.32, being less than the amount due on the account for the time preceding 1902, the entire debt for 1902 remains due and unpaid. For its amount, $169.53, plaintiff must have judgment. We get the figure of $169.53 by deducting from the $608.37, total debts, the items of 1901 and 1903, namely: $403.93 of 1901, and $34.91 of 1903. We assume the $403.93 was in its entirety for sales made prior to the 1st of January, 1902.
It is therefore ordered, adjudged, and decreed that the judgments of the Court of Appeal and of the district court in this case be set aside, and that there now be judgment in favor of plaintiff, Arthur Y. Houeye; against the defendant James P. Henkel, for the sum of $169.53, and all costs incurred up to date; and that this ease be remanded to the district court to be there proceeded with on the action in nullity forming part of the suit.