## No. 6783

## RECEIVERSHIP OF WHITE LAKE LAND COMPANY.

### Syllabus.

1. The debtor has the right to declare, when he makes a payment, which debt he means to discharge. R. C. C., 2163.

2. If the debts are of like nature, the imputation will, in the absence of such declaration, be made to the debt which has been longest due. R. C. C., 2166.

3. The phrase "received or paid on account" is employed to distinguish a partial from a final or total payment, and does not indicate nor signify the manner in which the payment is to be imputed.

Appeal from the Civil District Court, Parish of Orleans, No. 109,220, Division "B", Honorable Fred D. King, Judge. Reversed.

John Dymond, Jr., and A. G. Levy, for plaintiff and appellee.

Hall, Monroe & Lemann, for appellant.

His Honor, EMILE GODCHAUX, rendered the opinion and decree of the Court, as follows:

The intervenor herein appeals from a judgment dismissing its action to dissolve the sale of and to recover from the possession of the Receiver certain movables which it had sold to the White Lake Land Company, the ground of rescission and recovery being the alleged non-payment of the purchase price.

It appears that in the years 1911, 1912, 1913 and 1914, intervenor from time to time sold and delivered to the White Lake Land Company numerous items of machinery and supplies and that, on the other hand, the purchaser at frequent intervals during that period made sundry payments on account of these purchases. If, as the intervenor contends, these credits are to be imputed to the payment of the individual debit items of the account in the order of their date and maturity, beginning with the most ancient, the result would be that no part of the purchase price of the movables in dispute has been paid, and in that event

intervenor's right to rescind the sale and recover the property is conceded.

The method of imputation which the appellant seeks to uphold must be sustained.

For it accords first of all with the express declaration of the debtor (R. C. C., 2163), since the latter at any early stage of the account wrote the intervenor: "We have always tried to pay items in their regular order as shown on your statements according to date."

And in the next place it follows the mode of imputation established by the Code in cases where the debts are, as in this instance, of like nature. R. C. C., 2166.

There is no merit in appellee's contention that because the parties designated these credits as having been paid and received "on account", it is equivalent to a declaration that they should be applied to the payment of the account as a whole and not of individual items thereof. The phrase, "on account" is employed to distinguish a partial payment from a final or total payment, and does not signify the manner in which the payment is to be imputed.

*Honeys v. Henkel*, 115 *La.*, 1066.

The judgment is accordingly set aside and reversed and it is now decreed that the sale of the following described property, which the Receiver herein is now ordered to forthwith deliver to the intervenor, Fairbanks, Morse & Company, Inc., be dissolved and rescinded, to-wit: First, one (1) 30 H. P. Type B. Gasoline Engine, complete, for salt water, with full equipment, less propeller and shaft, but with short shaft and coupling to connect to stern-wheel outfit; second, one (1) No. 235 SX Stern Wheel Outfit; one (1) 3x10 or 12 Whistle, with extra valve and one (1) 12x36 Air Pressure tank; third, one (1) 5x5 Typhoon Pump, T. 11,786, with tight pulleys, and one (1) No. 131

Galvanized Strainer; and fourth, one (1) seven-inch Form 3 M. Searchlight. And it is further decreed that the costs of both Courts be paid by the Receivership herein.

Reversed.

Opinion and decree, November 6th, 1916.