No. 16,352

First Circuit

---

CONSOLIDATED COMPANIES, INC.

v.

BOUDREAUX BROS.

---

(May 3, 1927. Opinion and Decree.)
(June 7, 1927. Rehearing Refused.)

---

(*Syllabus by the Editor.*)

1. **Louisiana Digest—Imputation—Par. 3.**

Where a running account is kept between two parties and debts are due for months past, the payee has the right to credit recent payments on the back accounts and strike a balance before crediting the payments on the current month's account.

Appeal from the District Court, Parish of St. Mary. James D. Simon, Judge.

Action by Consolidated Companies, Inc., against Boudreaux Brothers.

There was judgment for plaintiff and defendant appealed.

Judgment affirmed.

C. A. Blanchard, of Franklin, attorney for plaintiff, appellee.

W. T. Gilmore, of Morgan City, and Borah, Himel, Block, of Franklin, attorneys for defendant, appellant.

ELLIOTT, J. Suit on account. Defendant claiming to have made payments, for which credit should be given.

Consolidated Companies, Inc., alleges that Boudreaux Brothers are indebted unto it for goods and merchandise sold and delivered to them during the year 1926 on open account, which, taken with the balance due of $174.33 on April 1, 1926, amounts to $313.42. The account sued on is annexed to and made part of the petition.

The answer of the defendants admits plaintiff's averments, except that they allege that the account sued on does not show proper credits. That on April 4, 1926, they returned goods amounting to $2.50; paid $150.00 on April 5, 1926, and $130.00 on May 3, 1926, leaving but $30.92 still due. This sum they tendered in open court. Plaintiff accepted same, reserving the right to prosecute its suit for the recovery of the balance claimed. There was judgment in favor of the plaintiff as prayed for and defendant appealed. The district judge filed a written opinion in which he reviews and correctly states the facts. The trial disclosed that an open running account had existed between the plaintiff and defendant for several years; no part of it was prescribed. Defendant returned goods and made two payments amounting to $282.80 as alleged in their answer. On April 1, 1926, the balance due the plaintiff was in fact $456.83; plaintiff applied defendant's payments to the account and the same left a balance of $174.33. Plaintiff then commenced a new

account dating it April 1, 1928, with a balance of $174.33. As the credits had all been applied to that part of the old account which was previous to April 1, 1926, they did not show on the account sued on. One of defendants called to the stand as a witness admitted that they owed plaintiff the amount claimed. He identified and acknowledged for his firm writing plaintiff a letter of date May 13, 1926, in which the balance of $174.33 with which the account sued on commences is admitted to be due the plaintiff. This letter shows that defendants understood at the time that they had received credit on their account for the goods returned and the two checks mentioned, and that they still owed on the account $174.33. This letter and the testimony of Mr. Dewey Boudreaux in connection therewith leaves defendants without any defense. As for the way in which the account was made out and plaintiff's pleading in connection with it, a situation exists exactly like that in Houeye vs. Henkel, 115 La. 1066, 40 South. 460. In that case Houeye had imputed payments recently made to the oldest part of an open account that had been running between him and Henkel for several years. He then struck a balance and after the account had run a short time he brought suit on it against Henkel. The account sued on did not show the payments made by Henkel because they had been applied to the oldest part of the account. Henkel claimed credit for payments recently made exactly as Boudreaux Bros. are doing in this case. The writer of the present opinion was the district judge that decided the case of Houeye vs. Henkel; just as the present defendant contends that the case now before us should

be decided. The Court of Appeal affirmed the judgment of the District Court. The Supreme Court reviewed the case and held that Houeye had the right to impute the recent payments to the oldest part of the current account, strike a balance and commence a new account.' And that Henkel could not insist that his payments for the current month be applied as a credit on his account for that month.

The case before us, however, is different, made so by the letter of May 13, 1926, and the testimony of Dewey Boudreaux, which really leaves nothing in dispute. The legal position and authorities cited by defendants in their original and supplemental briefs can not be questioned; but they are not appropriate to the situation' created by defendants' testimony and letter admitting the indebtedness sued on.

The judgment appealed from is correct. Judgment affirmed. Defendant and appellant to pay the cost in both courts.