**SCHWARTZ SUPPLY CO., Inc., v. BREEN et al.**

**No. 16886.**

Court of Appeal of Louisiana. Orleans.

March 21, 1938.

Deutsch and Kerrigan and Marian Mayer, all of New Orleans, for appellant.

Irwin & Gertler and David Gertler, all of New Orleans, for appellee.

JANVIER, Judge.

Schwartz Supply Company, Inc., claims from A. L. Fishman, a contractor, and Morris Breen, the owner of certain prop-

erty which Fishman undertook to improve, $165.77, representing the alleged balance due for certain materials furnished by plaintiff to Fishman and used by him in carrying out the contract for improvements. Fishman makes no serious defense to the claim, but contends that such amount as may be due is due by Breen, and he calls Breen in warranty and prays for judgment against him for such sum as he, Fishman, may be required to pay to plaintiff. Breen, answering the petition of plaintiff, avers that he paid to Fishman $200, which Fishman, in turn, paid over to plaintiff and for which no credit was given on the account for materials and supplies furnished; and he maintains that, if proper credit is given, there will be no balance due on the said account. Breen also avers that if it should appear that there is any balance due to plaintiff and if plaintiff should, accordingly, recover judgment against him, Fishman is liable primarily, and that there should be judgment in warranty in favor of Breen and against Fishman for such amount as Breen may be required to pay.

When the matter was tried in the First city court, Mr. Otto Schwartz, president of the plaintiff corporation, was shown a certain check which had been drawn by Breen to the order of Fishman and which Fishman had indorsed in blank and delivered to plaintiff corporation, and Mr. Schwartz was asked whether his company had received the proceeds of that check. He answered in the affirmative, and a few moments later declared that, on the statement of account showing the balance due for materials furnished on the Breen contract, no credit had been given for the proceeds of the said check. Of course, if the check had been received by plaintiff corporation and had been applied against the said account, it would have more than extinguished that balance, and defendant Breen, in contending that the said account has been paid, relies upon the legal proposition that plaintiff was bound to apply or impute the proceeds of the check to that account.

When it appeared that the check had been received by the plaintiff corporation and credit had not been given therefor on the Breen account, counsel for plaintiff immediately sought to have Mr. Schwartz explain why credit had not been given. But to such evidence counsel for Breen objected on two grounds: First, as stated above, that, as a matter of law,

the proceeds should have been so applied and that no evidence of any other application or imputation should be received; and, second, that no evidence explanatory of the failure to impute the proceeds of the check to the Breen account could be admitted for the reason that, in plaintiff's pleadings, there were no allegations in support of which the evidence might be tendered; this second contention being that, if plaintiff intended to justify the application of these proceeds to some purpose other than the payment of the Breen account, its pleadings should have so alleged.

These objections were sustained, and, accordingly, plaintiff was not permitted to explain why the said proceeds had not been so imputed, and, in the absence of any such evidence, the record shows that plaintiff received the proceeds of a check of Breen and has not given credit therefor.

There was judgment in the lower court in favor of Breen dismissing the suit of plaintiff as against Breen, and plaintiff has appealed. On the other feature of the case judgment was rendered in favor of plaintiff and against Fishman, the contractor, and from this part of the judgment there has been no appeal by Fishman.

The argument that the pleadings of plaintiff do not authorize the introduction of evidence touching upon the application or imputation of the proceeds of the check is based upon a misunderstanding of the issue which was presented by defendant Breen's plea of payment. The plea of payment is in the nature of a plea in confession and avoidance. The defendant who pleads payment admits the original existence of the debt, but claims that it has been extinguished by payment. The burden is on him to prove payment and, when he offers to do so by producing the evidence of payment—in this case the canceled check—then and not until then is the plaintiff under the necessity of explaining that the so-called payment was in fact made on some other account, or for some other purpose. There may be offered any evidence which may be available and which may tend to disprove the allegation of payment; and this without any necessity that the plaintiff shall have alleged facts which such evidence may substantiate. Article 329 of our Code of Practice provides in part that: "When the

defendant, in his answer, alleges on his part new facts, these shall be considered as denied by the plaintiff." Under this article Breen's allegation is considered as denied, plaintiff was under no obligation to actually deny it, and was not bound to allege the reason on which it based this denial.

There are numerous authorities which hold, as counsel for plaintiff state the rule, that matters of defense set up in the answer must be considered as open to every objection of law and facts. See Swilley v. Low, 13 La.Ann. 412; Bruce v. Stone, 5 La. 1; Riley v. Wilcox, 12 Rob. 648; Holliday v. Marionneaux, 9 Rob. 504; Maillot v. Wesley, 11 La.Ann. 467; Skilliman v. Jones, 3 Mart.,N.S., 686; Houeye v. Henkel, 115 La. 1066, 40 So. 460, 461.

The Houeye Case, last above cited, is particularly pertinent. There plaintiff sued for a balance alleged to be due for goods sold during the year 1902. The defense was a plea of payment, and, when the plaintiff admitted that certain payments had been made and sought to explain that these payments had been imputed to accounts due for goods sold during other years, objection was made on the ground that the pleadings did not authorize the introduction of such evidence. The Supreme Court said: "Plaintiff having limited his demand to a debt for merchandise sold in 1902 cannot ·recover for merchandise sold in 1901, or in 1903; but that does not stand in the way of his showing, as he has done, that the several payments which figure on the account produced by him were really partial payments on the running account, and as such imputed to the oldest item on that account."

In other words that, though plaintiff had not alleged that the payments pointed to by defendant were, in truth, applicable to other accounts, he was permitted to prove those facts. So say we here. Plaintiff has sued on a balance due for materials and, of course, cannot recover except for such balance as may be due for such materials; but "that does not stand in the way of * * * (its) showing" that the alleged payment was really an extinguishment of some other debt, or was made for some other purpose altogether. We think that the evidence tendered was authorized by the pleadings and that the objection based on the ground

that it was not should have been overruled.

We next consider the argument that the evidence was properly excluded since, whatever its nature, it could not have authorized the imputation of the proceeds of the check otherwise than to the account standing on plaintiff's books for materials furnished to Fishman for use in carrying out his contract with Breen. This argument is based on the principle that a furnisher of materials who receives funds which he knows came from a certain owner cannot impute those funds to other accounts due by the same contractor.

The soundness of this doctrine cannot be questioned. In Hortman-Salmen Company v. Naquin, 12 La.App. 491, 126 So. 453, 455, we discussed at length the reasons on which this principle is based, and in Carolina Portland Cement Company v. U. S. Fidelity & Guaranty Company, 18 La.App. 105, 137 So. 381, we again considered the subject. In the Naquin Case we said: "The correct rule, then, is that, if the creditor in such a case as is presented here has knowledge, actual or constructive, that the funds given him by his debtor were derived from a particular source, the payment in question cannot be imputed in accordance with the article of the code, nor by agreement between debtor and creditor, if such imputation would be prejudicial to the interest of the third person from whom the funds were obtained."

However, we see two distinguishing features here: First, the evidence tendered was for the purpose of showing that the check had not been given by Breen to be applied as a payment on the account for materials. The evidence was offered to show that the check had been given by Breen to the contractor so that he might obtain the cash with which to pay laborers. If the check was given for that purpose, then Breen was in no way prejudiced by the fact that the proceeds of the check were not devoted to the account for materials. Plaintiff's offer of evidence was not for the purpose of justifying the imputation of the proceeds to some other account, but was for the purpose of showing that it had not in reality received the proceeds at all, but had merely, in effect, "cashed" the check for Fishman. The check was made payable to Fishman; he could have "cashed" it at the bank on

which it was drawn, or anywhere else if he had found some one willing to "cash" it for him, and, if he had done so, Breen would have been in no worse situation than that in which he now finds himself. If plaintiff did, in effect, "cash" the check, then there was no improper imputation of payment—there was no fund which was intended to be devoted to payment for materials and which was improperly imputed to some other account.

In the Naquin Case the fund ($700 in cash) was delivered to the materialman as payment for materials. The error was in the improper imputation to the wrong account for materials, and this erroneous imputation was made although the materialman knew that the fund had come from the owner and was intended as payment for materials. The same may be said of the Carolina Portland Cement Case and of the other cases cited in those two cases. But here, if the evidence tendered had been admitted, it is contended that it would have shown that at no time did Breen intend that the check was to be used to pay for materials, and it would further have shown, according to counsel, that the proceeds thereof were not in fact received by plaintiff, but that plaintiff merely, in truth, "cashed" the said check and delivered the proceeds through its own check to the contractor.

It is argued that to admit such evidence is to permit plaintiff, suing for a balance alleged to be due for materials, to recover for a balance due for cash advanced. We think not. Plaintiff's suit is for a balance due for materials, and only if such balance is due can there be recovery. Plaintiff points to the cash advanced not as creating a claim in its favor, but only as an explanation of the destination of the proceeds of the check and in an effort to show that that check was not and should not have been applied to the account for materials. We think that the evidence concerning the check in question should be admitted so that it may be made to appear clearly whether or not that check was issued to be applied on materials, or was issued to be used to produce cash to be applied in meeting the pay roll.

It is therefore ordered, adjudged, and decreed that the judgment appealed from, in so far as it dismisses the suit of plaintiff against Morris Breen, be and it is annulled, avoided, and reversed, and that the matter be and it is remanded to the First city court of New Orleans for further proceedings consistent with the views herein expressed and according to law.

Reversed and remanded.