The plaintiff, Oak Appliance Company, a commercial co-partnership, brought this suit against the defendant, Louise Clayton, to recover the sum of $97.96 together with interest and attorney's fees representing the balance due by the defendant on the purchase *Page 158 
price of a certain Norge electric refrigerator which defendant bought from it. It alleges that on January 30, 1937, it sold and delivered to the defendant an electric refrigerator for the price and sum of $456.55; that defendant deposited $30.63 on account of the price, leaving a balance due and owing at that time of $425.92 which was payable under the agreement between the parties in 47 monthly instalments of $8.87 and one final instalment of $9.03. Plaintiff further avers that the defendant executed in its favor a chattel mortgage on the refrigerator in the sum of $425.92 and also gave it her promissory note for that amount which was identified with said mortgage to secure the faithful performance of her obligation; that defendant has paid on account of her indebtedness the sum of $327.96, leaving a balance due of $97.96 which she now owes and has failed to pay notwithstanding amicable demand.
The defendant admits the purchase of the refrigerator from the plaintiff for the price alleged in the petition and that she executed the chattel mortgage and promissory note for the balance due. She resists liability, however, on the ground that her obligation to the plaintiff has been fully extinguished by payment, averring that the chattel mortgage given by her was negotiated by plaintiff to the Commercial Credit Company, a corporation engaged in the business of purchasing mortgage notes and other negotiable paper; that she was notified by said Commercial Credit Company that it had purchased the promissory note and chattel mortgage from the plaintiff and that, thereafter, all payments due thereunder should be paid directly to it through its New Orleans office. She further avers that, in compliance with these instructions, she made certain payments directly to it on account of her indebtedness and other payments through the plaintiff as agent for said Commercial Credit Company; that on October 4, 1939, she called upon the Commercial Credit Company to ascertain the balance on her note and was notified by it that there was then due the sum of $159.82; that she paid to said Commercial Credit Company the sum of $159.82 in full settlement and extinguishment of her obligation under the mortgage and that she received from said company its receipt showing payment in full of her indebtedness. She further alleges that, at the time she made the final payment to the Commercial Credit Company, she requested that it return her promissory note; that that company informed her that the note was at its Baltimore office and would be returned to her when it was received in New Orleans; that the Commercial Credit Company later, instead of returning the note to her, transferred it to the plaintiff and that thereafter, despite the extinguishment of her obligation, plaintiff made claim upon her for the sum of $97.96 which it now asserts she owes as a balance due on the purchase of the refrigerator.
The case proceeded to trial on the issue thus presented by the defendant's answer and, after hearing the evidence, the trial judge dismissed plaintiff's demand as of non-suit. Plaintiff has prosecuted this appeal from the adverse decision.
At the trial of the case in the court below, it was admitted by the parties litigant that the promissory note, representing the defendant's indebtedness for the purchase of the refrigerator, was discounted by plaintiff with the Commercial Credit Company; that on October 4, 1939, Commercial Credit Company was the holder of said note and that that company, prior to October 4th, notified the defendant that it was the holder of the note with recourse.
In support of her plea of payment, the defendant testified, in substance, as follows: That, after the transfer of the note to Commercial Credit Company, the plaintiff, through its collector, one John J. Finan, continued to collect from her the monthly instalments which became due under the contract of sale; that she paid some of these instalments to Finan while certain other instalments were paid by her to Commercial Credit Company; that on October 4, 1939, she went to the office of the Commercial Credit Company and ascertained that there was a balance due on the note of $159.82; that she paid this amount in cash and received from Commercial Credit Company a receipt (which was offered in evidence by her counsel) reading:
"Purchaser Louise Clayton, dealer Oak Appliance Company, received payment, instalment due $159.82 in full."
The defendant was unable to produce any other receipts which she obtained either from the plaintiff or the Commercial Credit Company for other payments made by her prior to the time she says she paid her obligation in full. She contends, however, that, since the payment of $159.82 shows that it is a payment in full of a balance due, her obligation to the plaintiff has been fully extinguished. *Page 159 
The plaintiff, in order to rebut the testimony given by the defendant, placed on the witness stand its office manager and accountant, one Joseph E. Pedelahore, and its collector, John J. Finan. By these witnesses, it attempted to show (1) that, prior to the time the defendant received the receipt from the Commercial Credit Company for $159.82, she had made her payments of the instalments falling due directly to it; (2) that, since the promissory note of the defendant had been transferred to the Commercial Credit Company with recourse, it was obliged each month to disburse the necessary instalments falling due whether the defendant paid them or not; (3) that the defendant was in arrears to the extent of $97.96 in the payment of her instalments and (4) that this amount had been advanced by it over a period of time to Commercial Credit Company for the defendant's account. This evidence was objected to by counsel for the defendant on the ground that plaintiff had failed to allege in its petition that it had advanced to the Commercial Credit Company for account of the defendant the amount claimed in the suit and the trial judge, being of the opinion that the objection was well founded in law, sustained it and rejected the evidence.
Counsel for plaintiff contend in this court that the trial judge erred in ruling out the evidence proffered by plaintiff to rebut the testimony of the defendant which evidence, they maintain, will show that the defendant has not, in truth and in fact, paid the entire purchase price due on the refrigerator. They argue that a plea of payment is one in the nature of a confession and avoidance; that the defendant under such a plea assumes the burden of proving that the entire obligation has been extinguished and that, inasmuch as the defendant had testified that her indebtedness has been paid in full and inasmuch as she has produced a receipt showing that the balance due the Commercial Credit Company has been liquidated, plaintiff was entitled to contradict this evidence by showing that her obligation to it has not been fulfilled. The case of Schwartz Supply Co., Inc., v. Breen et al., La.App., 179 So. 626, 627, is cited as authority for the proposition.
We think that plaintiff's contention is well founded. While it is true that the defendant's testimony and the receipt produced by her, if unexplained, may be said to be sufficient to establish the plea of payment, plaintiff had the right to offer any evidence which might be available to it tending to disprove defendant's evidence and it was unnecessary that the plaintiff allege in its pleadings any facts concerning the advances it made for the account of defendant. In discussing this same question in Schwartz Supply Company v. Breen, supra, we said:
"There may be offered any evidence which may be available and which may tend to disprove the allegation of payment; and this without any necessity that the plaintiff shall have alleged facts which such evidence may substantiate. Article 329 of our Code of Practice provides in part that: `When the defendant, in his answer, alleges on his part new facts, these shall be considered as denied by the plaintiff.' Under this article Breen's allegation is considered as denied, plaintiff was under no obligation to actually deny it, and was not bound to allege the reason on which it based this denial."
Counsel for the defendant, however, maintain that plaintiff's cause of action is founded on the promissory note which was transferred by it to the Commercial Credit Company; that defendant has shown that the balance due on this note has been paid by her in full; that, therefore, her obligation on it must be held to be extinguished and that plaintiff is without right to introduce evidence in an attempt to demonstrate that part of the money used in liquidating the note was advanced by it for her account.
But counsel are mistaken in their assertion that this suit is one to enforce payment of a promissory note. On the contrary, the action is for recovery of the balance due on the purchase price of an electric refrigerator bought by the defendant from the plaintiff which obligation is evidenced by a promissory note and chattel mortgage. Under Civil Code, Article 1762, it is provided, in substance, that the obligation itself must not be confounded with the instrument in writing by which it is witnessed and that the contract may subsist although the written act supporting it is illegal. And in Lerner v. Bischoff et al., La.App., 193 So. 236, and Armato v. Ross, La.App., 170 So. 400, we held that a promissory note is merely evidence of an indebtedness which exists independently of the note and that the instrument itself is merely a facility to the creditor in proving the fact of the obligation. Therefore, plaintiff's *Page 160 
demand in this matter is not to be regarded as a suit on a note but rather for the collection of the balance due by the defendant on the purchase price of the refrigerator. The mere fact that the defendant has shown that she has paid to a third person a sum which she says is the balance due on the promissory note evidencing her indebtedness does not preclude plaintiff, as vendor of the refrigerator, from submitting evidence to exhibit that, as a matter of fact, the defendant has not fully extinguished the obligation due it for the purchase price of the article she bought. And under its allegation that there is a balance due on the price, plaintiff was entitled to show that it was required to make advances to Commercial Credit Company for defendant's account which had the effect of reducing her liability on the note and that she has never reimbursed it for those advances.
We conclude that the evidence tendered by the plaintiff to contradict the prima facie showing made by the defendant in support of her plea of payment was clearly admissible and the trial judge erred in refusing to consider it.
For the reasons assigned, the judgment appealed from is reversed and it is now ordered that the case be and it is remanded to the First City Court of New Orleans for further proceedings in accordance with law and not inconsistent with the views herein expressed. The costs of this appeal to be paid by the defendant, other costs to await the final determination of the cause.
Reversed and remanded.