This is the second time that this suit has been before us for review, 1 So.2d 157. The facts which give rise to the controversy are as follows:
On January 30, 1937, the plaintiff, a commercial copartnership, sold and delivered to the defendant a certain Norge electric refrigerator for the price and sum of $456.55, on account of which the defendant paid $30.63 cash leaving a balance of $425.92 which was payable in 47 monthly installments of $8.87 and one final installment of $9.03. In order to secure the prompt payment of the balance due of $425.92, defendant executed in plaintiff's favor a chattel mortgage on the refrigerator together with a promissory note which was identified with said mortgage. Shortly after the note and chattel mortgage were given, the plaintiff sold the note with recourse to the Commercial Credit Company, a corporation engaged in the business of purchasing mortgage notes and other negotiable paper. Upon its acquisition of the note, Commercial Credit Company notified the defendant of this fact and advised her that thenceforth all payments due thereunder should be paid directly to it at its New Orleans office. Thereafter, defendant made an undetermined number of payments to Commercial Credit Company directly and also through plaintiff's agent and collector, one John J. Finan.
On October 4, 1939, defendant went to the office of Commercial Credit Company in New Orleans with a view of ascertaining the amount of the balance due on her obligation. Upon being informed that the balance amounted to $159.82, she paid that sum in cash and was given a receipt by Commercial Credit Company for that amount as payment in full of her obligation. At that time, she requested the return of her promissory note but was informed by Commercial Credit Company that the note was in Baltimore and that it would be sent to her in the usual course of business. However, when the note reached the New Orleans office of Commercial Credit Company, it was turned over to the Oak Appliance Company and was not delivered to defendant. After plaintiff obtained the possession of the note from Commercial Credit Company, it instituted this action against the defendant for the sum of $97.96 which plaintiff claimed was the balance due by defendant on the purchase price of the refrigerator. The defendant pleaded that the purchase price had been paid in full and, upon the original trial in the First City Court on this issue, she testified accordingly and tendered in evidence, in support of her statement, the receipt given her by Commercial Credit Company showing that she had paid $159.82 representing payment in full of her obligation on the promissory note. Upon the submission of this proof by the defendant, plaintiff sought to introduce evidence to show (1) that, prior to the time the defendant received the receipt from Commercial Credit Company for $159.82, she had made the payments of the installments falling due directly to it; (2) that, since the promissory note of the defendant had been transferred by it to Commercial Credit Company with recourse, it was obliged each month to disburse the necessary installments falling due whether defendant paid them or not; (3) that the defendant was in arrears to the extent of $97.96 in the payment of her installments and (4) that this amount had been advanced by it over a period of time to Commercial Credit Company for defendant's account. This evidence was objected to by counsel for the defendant on the ground that plaintiff had failed to allege in its petition that it had advanced to Commercial Credit Company for account of the defendant the amount claimed in the suit and the trial judge, being of the opinion that the objection was well founded, sustained it and rejected the evidence. On plaintiff's appeal to this court (see 1 So.2d 157), we concluded that the trial judge had erred in refusing to admit the evidence tendered by plaintiff. We found that, while the evidence of the defendant (supported by the receipt of final payment given her by Commercial Credit Company) would ordinarily be sufficient to establish her plea of payment, plaintiff was, nevertheless, entitled to submit evidence to rebut defendant's prima facie showing and we accordingly remanded the case to the trial court for the purpose of permitting plaintiff to tender proof to show that, as a matter of fact, it had advanced for defendant's account the sum *Page 232 
of $97.96, the amount sought to be recovered by it.
When the case was reopened in the City Court, plaintiff tendered the testimony of three witnesses to establish its contention that it had advanced to Commercial Credit Company the sum of $97.96 for defendant's account. The judge, after hearing these witnesses, was of the opinion that their testimony was insufficient to prove plaintiff's demand with certainty and he, conformably, dismissed the case as of non-suit. Plaintiff has prosecuted this appeal from the adverse decision.
It will be seen from the foregoing statement of the case that all issues of law presented herein have been fully determined by us in our previous opinion reported in 1 So.2d 157. There, we found that defendant had made a prima facie showing of payment which, if not rebutted, was sufficient to exonerate her from any liability to the plaintiff. And, as above stated, the case was remanded to the lower court for the sole purpose of permitting plaintiff to contradict the proof of payment by showing, if it could, that it had actually advanced to Commercial Credit Company for defendant's account the sum for which it now seeks recovery. Hence on this appeal, we are concerned only with the sufficiency of this proof.
An examination of the evidence tendered by the plaintiff to establish its contention, that it made advances to Commercial Credit Company for which it was not reimbursed by payments of the defendant, reveals that it is most uncertain and is wholly inadequate to support a judgment in its favor. The principal witness testifying for the plaintiff was John J. Finan, its collector. He stated, in substance, that, after defendant's promissory note had been discounted by plaintiff with Commercial Credit Company, he continued to call upon defendant each month to collect the installments due under the contract for the purchase of the refrigerator; that she made an undetermined number of payments to him; that, on certain occasions when she was unable to pay, he made payments to Commercial Credit Company for her account and notified plaintiff's bookkeeper of this fact; that the books of plaintiff revealed that advances had been made for defendant's account in the sum of $141.92 and that defendant was credited on this account with reimbursement to plaintiff in the sum of $43.93, leaving a balance due of $97.96, the amount for which recovery is sought. However, when questioned on cross-examination as to whether all of the payments of the defendant were made directly to him, he admitted that she had made other payments at the office of the Oak Appliance Company and to Commercial Credit Company and that he could not say positively that all of the payments which she had made personally to him were credited to her account on the books of plaintiff. The ledger sheet kept by the accountant and office manager of plaintiff, one J. Earle Pedlahore, which showed a net debit to defendant's account of $97.96, was made up from information given by Finan, the collector, according to the testimony of Pedlahore. And, when asked whether the ledger sheet reflected all of the payments that were made by defendant to Finan, Pedlahore stated "I am confident, although this is my opinion, I am confident that it don't reflect all of the payments."
The testimony of Finan and Pedlahore is not adequate to sustain plaintiff's case. Finan admits that he does not know the number of payments made to him by defendant and is unable to testify whether all of her payments were credited to her account against the advances made by plaintiff to Commercial Credit Company. And, to make matters more indefinite, Pedlahore, the bookkeeper, expresses the belief that defendant made other payments to the plaintiff which are not shown upon the ledger sheets offered in evidence.
The only other evidence submitted by the plaintiff is that of John C. Ackermann, who testified that he was one of the owners of Oak Appliance Company and that, during the time that defendant's account with the company was current, the Company made certain advances to Commercial Credit Company for her account. While we have no doubt that the plaintiff made the payments about which Mr. Ackermann testified, this evidence is of no importance in the absence of positive testimony showing that the defendant did not make the necessary payments to Oak Appliance Company or reimburse it for any advances for, obviously, if Oak Appliance Company was collecting the monthly installments from defendant, it was its duty to remit the payments to Commercial Credit Company, the owner of the note.
For the reasons assigned, the judgment appealed from is affirmed. *Page 241